561 P.2d 1353

STATE of New Mexico, Plaintiff-Appellee,

v.

Jessie SANDOVAL, Defendant-Appellant.

No. 2737.

Court of Appeals of New Mexico.

March 8, 1977.

Writ of Certiorari Denied March 31, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, App. Defender, William H. Lazar, Asst. App. Defender, Santa Fe, for defendant-appellant.

Louis Druxman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Defendant was convicted of armed robbery, § 40A–16–2, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1975) and aggravated battery, § 40A–3–5, N.M.S.A.1953 (2d Repl.Vol. 6). Consecutive sentences were imposed. Defendant claims that, under the evidence, both charges should not have been submitted to the jury. Defendant also claims that it was error to impose consecutive sentences. The claims assert that defendant has been subjected to either prohibited multiple prosecutions or multiple punishment. We discuss three concepts: (1) included offenses, (2) same evidence, and (3) merger. Other issues listed in the docketing statement have not been briefed; they are deemed abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App.1976).

Section 40A–16–2 reads:

"Robbery consists of the theft of anything of value from the person of another

or from the immediate control of another, by use or threatened use of force or violence.

"Whoever commits robbery is guilty of a third degree felony.

"Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony."

The pertinent part of § 40A–3–5 reads:

"A. Aggravated battery consists of the unlawful touching or application of force to the person of another with intent to injure that person or another.

\* \* \* \* \* \*

"C. Whoever commits aggravated battery inflicting great bodily harm or does so with a deadly weapon or does so in any manner whereby great bodily harm or death can be inflicted is guilty of a third degree felony."

In the docketing statement, defendant contends the aggravated battery "is a lesser included offense under the facts of this case and should have merged" with the armed robbery charge. In arguing for a directed verdict in the trial court, defendant asserted the same evidence applied to the two offenses and claimed that the offenses had merged. These contentions involve either double jeopardy or concepts related to double jeopardy. *Tanton I* (*State v. Tanton*, 88 N.M. 5, 536 P.2d 269 (Ct.App.1975)), overruled in part in *Tanton II* (*State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975)). The above contentions, however, confuse the concepts of included offenses, same evidence, and merger.

### Included Offenses

■ "A conviction or acquittal of a lesser offense necessarily included in a greater offense bars a subsequent prosecution for the greater offense." *Tanton II*, supra. "For the lesser offense to be 'necessarily included', the greater offense cannot be committed without also committing the lesser. . . . In determining whether an offense is necessarily included, we look to the offense charged in the indictment." *State v. Medina*, 87 N.M. 394, 534 P.2d 486 (Ct.App.1975).

■ The concept of lesser included offenses is not involved in this case because a comparison of the statutory definitions shows that either offense can be committed without committing the other offense.

### Same Evidence

There is evidence that defendant shot the victim while robbing her of her purse. Defendant relies on this evidence, asserting: "[T]he evidence showed that the aggravated battery which the defendant committed upon Mrs. Baca was the force which the State was required to prove in order to obtain a conviction for the charge of armed robbery." There is also evidence permitting the inference that the shooting occurred after the purse had been taken. However, our discussion is based on defendant's view of the evidence—that defendant got the purse by shooting the victim.

Defendant asserts: "The force or violence used constituting an element of the crime of robbery, it cannot itself be charged as a separate offense consistent with the principles of double jeopardy." This is incorrect.

■ *Tanton II*, supra, states the "same evidence" test is whether the facts offered in support of one offense would sustain a conviction of the other offense. *Owens v. Abram*, 58 N.M. 682, 274 P.2d 630 (1954), cert. denied, 348 U.S. 917, 75 S.Ct. 300, 99 L.Ed. 719 (1955) was cited with approval in *Tanton II*. *Tanton II*, supra, quotes only the first sentence of the definition in *Owens v. Abram*, supra. *Owens*, supra, continues: "If either information requires the proof of facts to support a conviction which the other does not, the offenses are not the same and a plea of double jeopardy is unavailing." Compare *Woods v. State*, 84 N.M. 248, 501 P.2d 692 (Ct.App.1972).

Taking the purse was a fact required to be proved under the armed robbery charge; the taking was not required to be proved under the aggravated battery charge. Application of force was a fact required to be proved under the aggravated battery charge; threatened use of force would be acceptable proof under the armed robbery charge. As stated in *State v. Ranne*, 80 N.M. 188, 453 P.2d 209 (Ct.App.1969): "The elements of the two crimes are not the same."

■ In emphasizing that he obtained the purse by force (shooting the victim), defendant is really arguing that there was only one criminal transaction. The "same transaction" test was disapproved in *Tanton II*, supra. "Certainly, a person may by one act violate more than one statute or commit more than one offense." *State v. Tijerina*, 86 N.M. 31, 519 P.2d 127 (1973), cert. denied, 417 U.S. 956, 94 S.Ct. 3085, 41 L.Ed.2d 674 (1974).

■ The evidence shows that in shooting the victim to get her purse, defendant committed aggravated battery as well as armed robbery. Because the facts required to be proved for the two offenses differ, the "same evidence" test does not apply.

*Merger*

■ The New Mexico decisions have discussed "included offenses" and "same evidence" in the context of subsequent prosecutions. "Merger" is the name applied to the concept of multiple punishment when multiple charges are brought in a single trial. *Tanton I*, supra. Merger is an aspect of double jeopardy; it is concerned with whether more than one offense has occurred. See 1 Wharton's Criminal Law & Procedure, § 33 (1957). The concept is applied to prevent a person from being punished twice for the same offense. *State v. McAfee*, 78 N.M. 108, 428 P.2d 647 (1967).

■ The test of whether one criminal offense has merged in another is not "whether two criminal acts are successive steps in the same transaction [the rejected same transaction test, *Tanton II*, supra] but whether one offense necessarily involves the other." *State v. Martinez*, 77 N.M. 745, 427 P.2d 260 (1967); *State v. Dosier*, 88 N.M. 32, 536 P.2d 1088 (Ct.App.1975); *Tanton I*, supra.

■ As defined, the merger concept has aspects of the included offense concept. See *Tanton II*, supra, which cites "merger" decisions in discussing the included offense concept. In determining whether one offense "necessarily involves" another offense so that merger applies, the decisions have looked to the definitions of the crimes to see whether the elements are the same. *State v. McAfee*, supra; *State v. Ranne*, supra; *State v. Everitt*, 80 N.M. 41, 450 P.2d 927 (Ct.App.1969). This approach is similar to the approach used in determining whether an offense is an included offense— to be necessarily included, the greater offense cannot be committed without also committing the lesser. *State v. Medina*, supra. In determining whether an offense is "included" we look to the offense charged. *State v. Medina*, supra. Both under the elements test and the included offense approach, the offense of aggravated battery did not merge with the armed robbery.

As defined, the merger concept also has aspects of the same evidence test. This is so because "merger" and the "same evidence" test are both concerned with whether more than one offense has been committed. Thus, the facts were examined in *State v. Blackwell*, 76 N.M. 445, 415 P.2d 563 (1966) and *State v. Quintana*, 69 N.M. 51, 364 P.2d 120 (1961). Compare *State v. Dosier*, supra. Defendant relies on the facts in contending the aggravated battery merged with the armed robbery. There was no merger because, as pointed out in discussing the same evidence test, the same evidence test is not applicable to the facts of this case.

The judgment and consecutive sentences are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.