601 P.2d 428
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Donald Gene STEPHENS,
Defendant-Appellant.**

**No. 12077.**

Supreme Court of New Mexico.

Oct. 17, 1979.

Reginald J. Storment, App. Defender, Martha A. Daly, Asst. App. Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Ralph W. Muxlow, II, and Janice M. Ahern, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FELTER, Justice.

Donald Stephens was charged by criminal information with the crimes of murder and robbery in the following manner:

Count I  On or about the 2nd day of September, 1977, Donald Stephens did

unlawfully kill George Daley with malice aforethought, Contrary to Section 40A–2–1, N.M.S.A. [§ 30–2–1, N.M.S.A.1978].

Count II  On or about the 2nd day of September, 1977, Donald Stephens did take things of value from George Daley by use of force or violence while armed with a deadly weapon, to-wit: a firearm, Contrary to Section 40A–16–2, NMSA. [§ 30–16–2, N.M.S.A.1978].

Stephens entered a plea of not guilty to each count and was subsequently tried before a jury. The jury found Stephens guilty of felony murder and armed robbery. The court sentenced Stephens to life imprisonment on the felony murder conviction and ten to fifty years for the armed robbery and ordered the sentences to be served consecutively. Stephens appeals the convictions and the sentences, alleging five points of error: (1) the judge's communication with the jury outside the presence of the defendant; (2) instructing the jury on felony murder; (3) the failure to instruct the jury on second-degree murder; (4) the failure to instruct the jury on proximate cause; and (5) double punishment for the same offense. We reverse on two of the five points presented on appeal and will deal with each point separately.

*Point I*

Stephens argues that the trial court erred by communicating with the jury outside of his presence. We agree.

When the jury was deliberating on the charges in this cause, it sent a note to the court inquiring whether the moon was full on September 1, 1977. The judge told counsel that he had consulted the World Almanac, which stated that the moon was full on August 28, 1977, and fully dark on September 13, 1977 and that he planned to take judicial notice of those facts. Over defense counsel's objection, the bailiff submitted the information to the jury by a note. The note was not read in open court in the presence of defendant and counsel.

Stephens argues that he was prejudiced by the communication because the jury asked for and received factual information never covered in testimony from the witness stand. He contends that the facts submitted into evidence by the trial court were never subjected to the scrutiny generally afforded by confrontation and cross-examination. Specifically, the defendant argues that he had no opportunity to determine at what time the moon rose and set that night, whether there was cloud cover, whether the activities observed took place in the shade or out in the open, and other significant factors. The State's contention that the defendant was not prejudiced because the defense had already closely cross-examined the State's principal witness about what he was able to observe the night of the murder is without merit.

■  In New Mexico the law on this point is well settled. It is highly improper for the trial court to have any communication with the jury except in open court and in the presence of the accused and his counsel. *State v. Orona*, 92 N.M. 450, 589 P.2d 1041 (1979); *State v. Beal*, 48 N.M. 84, 146 P.2d 175 (1944); *State v. Brugger*, 84 N.M. 135, 500 P.2d 420 (Ct.App.1972). When such communication takes place, a presumption of prejudice arises. *State v. Brugger, supra*. Such a presumption of prejudice must have been intended to be guardian to the rights of confrontation and cross-examination, and therefore strong and compelling. The State has the burden of affirmatively showing that the defendant was not prejudiced by the communication between the court and the jury. *State v. Orona, supra; State v. Beal, supra.*

■  In our opinion the trial court, by submitting facts into evidence that were never subjected to the scrutiny generally afforded by confrontation and cross-examination, violated the mandate of both the state and federal constitutions which guarantees an accused the right to a fair trial, where he can confront the witnesses against him, before an impartial jury. *Parker v. Gladden*, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966).

Further, the record fails to show substantial evidence to the effect that the communication did not affect the verdict. The burden of establishing this fact resting with the State, and the State failing to meet this burden, the presumption of prejudicial error must prevail.

Therefore, we reverse the trial court on this ground.

*Point II*

Stephens contends that it was an error for the trial court to give an instruction on felony murder. He claims that the information did not give him notice that he was being charged with felony murder, and that it did not give him notice of the underlying felony. We disagree.

The purpose of a criminal information is to furnish the accused with such a description of the charge against him as will enable him to prepare a defense and to make his conviction or acquittal res judicata against a subsequent prosecution for the same offense. *State v. Our Chapel of Memories of New Mexico, Inc.*, 74 N.M. 201, 392 P.2d 347 (1964); *State v. Lott*, 73 N.M. 280, 387 P.2d 855 (1963). N.M.R.Crim.P. 5(c), N.M.S.A.1978 allows a prosecution to be commenced by the filing of an information "containing the essential facts, common name of the offense, and, if applicable, a specific section number of the New Mexico Statutes which defines the offense."

The information in this case contains an "open charge" of murder because it does not define the murder by type or degree. *See State v. King*, 90 N.M. 377, 563 P.2d 1170 (Ct.App.1977); *State v. Roy*, 40 N.M. 397, 60 P.2d 646 (1936). The information meets all the requirements of Rule 5. It contains the essential facts: "On or about the 2nd day of September, 1977, Donald Stephens did unlawfully kill George Daley with malice aforethought." *See State v. King, supra*. The information also refers to the common name of the offense and to the applicable statutory section. It should be noted that this Court has found that reference to the section of the statute creating a crime is sufficient to identify the crime

charged. *State v. Lott, supra; State v. Cummings*, 63 N.M. 337, 319 P.2d 946 (1957).

Stephens argues that this Court's decision in *State v. DeSantos*, 89 N.M. 458, 553 P.2d 1265 (1976) requires all five subsections of § 30–2–1(A), N.M.S.A.1978 to be listed in an open charge of murder. We do not read *State v. DeSantos* this way. In addition, *State v. King, supra*, decided after *State v. DeSantos*, reaffirmed the use of an open murder charge similar in nature to the one before us. In *State v. King*, the Court indicated that an open charge of murder gave the defendant notice that he must defend against a charge of unlawfully taking a human life.

Stephens also argues that the information is defective because it did not give him notice of the felony underlying the felony murder charge. *State v. Hicks*, 89 N.M. 568, 555 P.2d 689 (1976), requires that when felony murder is charged, the name of the felony underlying the charge must be either contained in the information or furnished to the defendant in order to enable him to prepare his defense. In our opinion, the information in this case meets the requirement set forth in *State v. Hicks*. The underlying felony, armed robbery, is clearly stated on the information and provided Stephens sufficient notice to enable him to prepare a defense.

We find that the defendant was properly charged with felony murder, and that the trial court did not err in submitting the felony murder instruction to the jury.

*Point III*

Stephens argues that the trial court erred in refusing to give his requested instruction on second-degree murder. Stephens contends the instruction was proper because he was charged with second-degree murder and because the evidence introduced at trial was sufficient to support the giving of the lesser-included offense. We agree.

Stephens was entitled to an instruction on second-degree murder if there was some evidence in the record to support it. *State v. Manus*, 93 N.M. 95, 597 P.2d 280

(1979); *State v. Riggsbee*, 85 N.M. 668, 515 P.2d 964 (1973); *State v. Ulibarri*, 67 N.M. 336, 355 P.2d 275 (1960).

A review of the record indicates that a question of fact existed as to whether the murder was committed as part of the res gestae of the felony of robbery. If the murder was not, as a matter of fact, committed within the res gestae of the robbery, then in the circumstances of this case the jury could have found second-degree murder had they been instructed on it. This involves a question of fact, and as such should have been submitted to the jury.

*Point IV*

Stephens argues that the trial court's failure to give N.M.U.J.I.Crim. 2.50, N.M.S.A.1978 (Supp.1978) which explains the concept of proximate cause, constitutes fundamental error. We disagree.

The jury was given the "essential elements" instruction on felony murder, N.M. U.J.I.Crim. 2.04, N.M.S.A.1978 (Supp.1978) which stated in part:

> During the commission of armed robbery, the defendant caused the death of George Daley.

Use Note 3 requires that U.J.I. 2.50 be given whenever causation is in issue. The defendant did not request that Instruction 2.50 be given and, consequently, it was not given.

■ As a general rule, the failure to instruct the jury on an essential element of a crime is fundamental error that can be raised for the first time on appeal. *State v. Gunzelman*, 85 N.M. 295, 512 P.2d 55 (1973); *State v. Walsh*, 81 N.M. 65, 463 P.2d 41 (Ct.App.1969). However, the failure to instruct the jury on the definition or the amplification of the elements does not constitute error. *State v. Padilla*, 90 N.M. 481, 565 P.2d 352 (Ct.App.1977).

■ The defendant's argument in this case is the same as that made by the defendant in *State v. Padilla, supra*. In *State v. Padilla*, the defendant was charged with voluntary manslaughter. The Use Note to the voluntary manslaughter instruction required that Instruction 1.21, defining intent to kill or do bodily harm, also be given. The Court of Appeals held that the Use Note itself could not elevate Instruction 1.21 to the status of an element of the crime of voluntary manslaughter, and that the trial court's failure to give Instruction 1.21 did not constitute error. The same ruling applies here.

The felony murder instruction given to the jury parallels the language of the statute and contains all essential elements of the crime of felony murder. *See State v. Fuentes*, 85 N.M. 274, 511 P.2d 760 (Ct.App. 1973). The proximate cause instruction is only a definition or an amplification of the cause language, so the failure to give the unrequested instruction was not error.

*Point V*

Stephens argues that a sentence of life imprisonment on the felony murder charge and ten to fifty years on the armed robbery charge, to be served consecutively, punishes him twice for the same offense and violates the double jeopardy clause. We disagree.

The New Mexico Constitution provides that no person shall "be twice put in jeopardy for the same offense . . . ." N.M. Const., Art. II, § 15. The fifth amendment to the United States Constitution also prohibits double jeopardy and is enforceable against the states through the fourteenth amendment. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The question in this case is whether the State would violate these guarantees by punishing the defendant for the separate, predicate felony which underlies a felony murder conviction in addition to punishing the defendant for the felony murder. Resolution of this issue requires an interpretation of the constitutional meaning of the words "same offense".

In the past, New Mexico courts have used several concepts in determining whether two crimes constitute the same offense. *See State v. Sandoval*, 90 N.M. 260, 561 P.2d 1353 (Ct.App.1977); *State v. Tanton*, 88 N.M. 5, 536 P.2d 269 (Ct.App.1975) (*Tanton I*) overruled in part; *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975) (*Tanton II*).

 "Merger" is the name applied to the concept of multiple punishment when multiple charges are brought in a single trial. *State v. Sandoval, supra; Tanton I, supra.* The test of whether one criminal offense has merged in another is whether one offense "necessarily involves" the other. *State v. Sandoval, supra; State v. Martinez*, 77 N.M. 745, 427 P.2d 260 (1967). In determining whether one offense "necessarily involves" another offense so that merger applies, courts have looked to the definitions of crimes to see whether the elements are the same. *State v. McAfee*, 78 N.M. 108, 428 P.2d 647 (1967); *State v. Everitt*, 80 N.M. 41, 450 P.2d 927 (Ct.App.1969); *State v. Ranne*, 80 N.M. 188, 453 P.2d 209 (Ct. App.1969).

Section 30–2–1, N.M.S.A.1978 provides:

Murder is the unlawful killing of one human being by another with malice aforethought, either express or implied, by any of the means with which death may be caused.

A. Murder in the first degree consists of all murder perpetrated:

.        .        .        .        .

(3) in the commission of or attempt to commit any felony;

.        .        .        .        .

Section 30–16–2, N.M.S.A.1978 provides:

Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.

The element of these two statutes clearly differ. Either crime can be committed without committing the other.

Another concept used in determining whether two crimes constitute the same offense is the "same evidence" test defined by this Court in *Owens v. Abram*, 58 N.M. 682, 684, 274 P.2d 630, 631 (1954), *cert. denied*, 348 U.S. 917, 75 S.Ct. 300, 99 L.Ed. 719 (1955): "whether the facts offered in support of one [offense], would sustain a conviction of the other offense." *See also State v. Sandoval, supra; Tanton II, supra.*

"If either information requires the proof of facts to support a conviction which the other does not, the offenses are not the same and a plea of double jeopardy is unavailing." *Owens, supra*, 58 N.M. at 684, 274 P.2d at 631. In this case, the first-degree murder statute requires proof of an unlawful killing, which the robbery statute does not. However, the robbery statute requires proof of the taking of another's property, which the first degree murder statute does not. Thus, under the test set forth in *Owens, supra*, the offenses are not the same even though it is necessary to prove the underlying felony in order to convict the defendant of first-degree murder.

Under both the definitions of the crimes and under the facts, the defendant is not being subjected to double punishment. *See State v. Archunde*, 91 N.M. 682, 579 P.2d 808 (Ct.App.1978). Consecutive sentences are proper in a case such as the one at bar.

For the foregoing reasons, we reverse the decision of the trial court, vacate the sentences, and remand this cause to district court for a new trial.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, PAYNE and FEDERICI, JJ., concur.