622 P.2d 1041

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Henry MARTINEZ, Defendant-Appellant.**

**No. 12809.**

Supreme Court of New Mexico.

Jan. 30, 1981.

Martha A. Daly, Appellate Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, Charles Wyman, Asst. Public Defender, Carlsbad, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

Defendant (appellant) was convicted of felony murder, armed robbery with a firearm and larceny over $2,500, all arising from the same transaction. The trial court sentenced defendant to a life sentence for first degree (felony) murder, and a consecutive term of 15 to 55 years for armed robbery with a firearm enhancement. Prior to and during trial, defendant moved for permission to act as co-counsel with his court-appointed attorney. The motion was denied. Defendant tendered jury instructions as to voluntary manslaughter and self defense. These tendered instructions were refused by the trial court. Evidence introduced at the trial court showed that a struggle had taken place. Both the victim and the defendant had bruises, lacerations and gunshot wounds. The homicide took place in an auto sales shop in Carlsbad, where the victim worked.

The following issues are presented on appeal:

(1) Whether a defendant is entitled as a matter of right to participate in his own defense with court-appointed counsel;

(2) Whether a manslaughter or self defense instruction should have been given;

(3) Whether the trial court erred in sentencing the defendant to consecutive sentences for felony-murder and armed robbery.

*POINT I:* If the defendant has a right to participate as co-counsel in his own defense, it is under New Mexico Constitution, Art. II, Section 14, which grants the right to every accused person "to appear and defend himself in person, and by counsel." This is a question of first impression in New Mexico. Defendant acknowledges and we have satisfied ourselves that courts in other jurisdictions which have constitutional provisions similar to our own have held that it is not error to deny a request by a defendant to appear as co-counsel where counsel has already been appointed for him

by the court. *Fowler v. State*, 512 P.2d 238 (Okl.Cr.App.1973), *overruled on other grounds, Brookins v. State*, 602 P.2d 215 (Okl.Cr.App.1979). *See generally*, Annot., 77 A.L.R.2d 1233 (1961). In the few jurisdictions which hold that the defendant has a constitutional right to appear as co-counsel, the State Constitution provides that a defendant has the right to defend his own cause in person, by attorney, or both. We hold that defendant did not have a state constitutional right to appear as co-counsel, and the trial court did not err in refusing to allow him to do so.

*POINT II*: On the issue of self-defense, defendant contends that evidence of the struggle and wounds is sufficient to warrant an instruction on his theory of self-defense, and that he has met the requirements of Section 30–2–7, N.M.S.A. 1978, and N.M. U.J.I.Crim. 41.41, N.M.S.A. 1978, which state the essential elements necessary before a self-defense instruction can be given. The requirements are: (1) an appearance of immediate danger of death or great bodily harm to the defendant; (2) the defendant was in fact put in such fear; and (3) a reasonable person would have reacted in a similar manner.

■ To warrant an instruction on self-defense the evidence must be sufficient to raise a reasonable doubt in the minds of the jury as to whether or not a defendant accused of homicide did act in self-defense. *State v. Cochran*, 78 N.M. 292, 430 P.2d 863 (1967).

Defendant claims that the evidence introduced at trial is sufficient to raise a reasonable doubt as to whether he acted in self-defense because: (1) there was a showing that there had been a struggle inside the office at the scene of the homicide; (2) the defendant's hand was severely wounded and he had multiple wounds on the legs and head; and (3) the hand wound would have greatly diminished his grip.

■ The evidence at the trial was not sufficient to require submission of instructions to the jury on self-defense. There was a struggle in the office, but the record is clear that this evidence is as consistent with the State's contention that the victim was struggling to ward off the defendant's attacks as it was in support of self-defense. With reference to the defendant's wounds, the court and the jury must look not only to the evidence of the wounds of the defendant but also to the wounds on the body of the victim. In this respect, Dr. H. V. Beighly, M. D., medical investigator for the State, testified that: the victim's scalp contained many lacerations, too many to count, which exposed the skull in some places; the nose was distorted and pushed to one side; there was a wire wrapped around the neck; there was a penetrating wound of the left arm and chest caused by a bullet; there were numerous bruises, lacerations and contusions on both forearms; the wounds on the forearms were, in his opinion, "defensive wounds"; the skull was fractured; the brain had hemorrhaged; the victim was still alive at the time of the bullet wound; and finally, the cause of death was a result of blows to the head.

It appears to us that if the defendant was in fact acting in self-defense, it would not have been necessary for him to shoot the victim through the arm and chest, wrap a cord around the victim's neck, and beat the victim many times about the head and face with such force as to smash the skull and hemorrhage the brain, causing the victim's death. The evidence indicates that the forearm bruises and wounds occurred during defensive movements by the victim, not the defendant, and that the wounds to the victim show offensive, extremely brutal and unnecessary blows by the defendant not consistent with self-defense. Furthermore, there is no direct evidence that defendant acted because of an appearance of immediate danger of death or great bodily harm to himself or that he was in fact put in such fear. Circumstantial evidence of a struggle alone is not sufficient evidence of these requisites to warrant a self-defense instruction. The trial court properly refused to give a self-defense instruction.

As to a manslaughter instruction, defendant contends that the jury could reasonably infer from the evidence of the struggle and of defendant's serious wounds that defendant was sufficiently provoked, arousing in him such emotions as fear, anger, resentment and terror. This evidence, he says, was sufficient to support a conviction of manslaughter.

■ With reference to a manslaughter instruction, if there is evidence to support, or tending to support, an instruction upon a lesser included offense, the defendant has a right to that instruction. *State v. Robinson*, 94 N.M. 693, 616 P.2d 406 (1980). The inquiry is therefore whether there was evidence in this case supporting or sufficiently tending to establish voluntary manslaughter.

■ If there is enough circumstantial evidence to raise an inference that the defendant was sufficiently provoked to kill the victim, he is entitled to an instruction on manslaughter. *State v. Robinson, supra.* The definition of manslaughter is stated in Section 30-2-3(A), N.M.S.A. 1978:

A. Voluntary manslaughter consists of manslaughter committed upon a sudden quarrel or in the heat of passion.

The section was addressed by this Court in *Smith v. State*, 89 N.M. 770, 772, 558 P.2d 39, 41 (1976):

It follows logically and obviously from the definition that, in order to convict of voluntary manslaughter, the jury must have evidence that there was a sudden quarrel or heat of passion at the time of the commission of the crime (in order, under the common law theory, to show that the killing was the result of provocation sufficient to negate the presumption of malice; (citation omitted)).

■ In this case, there is no evidence showing either provocation or action taken in the heat of passion.

With reference to the defendant's wounds, the fact that he was injured constitutes some proof that the victim may have struck and shot defendant. However, it also constitutes proof that the victim tried to defend himself against defendant's deadly attacks. Defendant's wounds alone do not constitute sufficient evidence to support an inference of provocation or acts in the heat of passion. There must be other evidence. Under the facts in this case, it is our opinion that there was insufficient evidence to warrant an instruction to the jury on manslaughter.

*POINT III*: Defendant did not raise double jeopardy as a claim against imposition of consecutive sentences for felony murder and armed robbery in the trial court, but urges that the claim can be presented for the first time on appeal since Section 30-1-10, N.M.S.A. 1978 allows a double jeopardy claim to be raised for the first time on appeal, and further, that this issue is being presented under the doctrine of fundamental error. We will review the double jeopardy claim.

Defendant admits that under *State v. Stephens*, 93 N.M. 458, 601 P.2d 428 (1979), the offenses involved here are not merged. He asks this Court to review its ruling in *Stephens* in light of the recent United States Supreme Court case of *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), where that Court found that rape and felony murder merged because Congress had not specifically authorized consecutive sentences in such circumstances.

In *Whalen*, the defendant was convicted of the crimes of rape and felony murder. Consecutive sentences of fifteen-to-life and twenty-to-life, respectively, were imposed. The defendant appealed, claiming the imposition of consecutive sentences violated the double jeopardy clause of the Constitution. He based his claim on the theory that the two offenses merged for purposes of punishment and the consecutive sentences resulted in being punished twice for the same crime. The United States Supreme Court did not reach the double jeopardy issue. It

reviewed the District of Columbia Court of Appeals' interpretation of an Act of Congress.

Exercising this broad power of review, the Court held that the District of Columbia Court of Appeals had misinterpreted Congress' intent and the federal statutes in upholding the consecutive sentences because federal courts cannot impose consecutive sentences in a situation where the elements of a crime to be proved are the same unless specifically authorized by Congress. No such authorization was present in the case before it. The Court felt that the two offenses in the case required proof of the same facts, and so the two offenses had merged. That is not the case here.

In New Mexico, by statute and case law, felony murder and armed robbery are separate offenses, although they may arise out of the same transaction. Each offense requires different evidence for conviction. The same evidence test is whether the facts submitted in support of one offense would sustain a conviction of the other. *State v. Tanton*, 88 N.M. 333, 540 P.2d 813 (1975). Nor were the two offenses merged. We recently discussed these precise issues in *State v. Stephens, supra*. In *Stephens*, this Court said:

> Stephens argues that a sentence of life imprisonment on the felony murder charge and ten to fifty years on the armed robbery charge, to be served consecutively, punishes him twice for the same offense and violates the double jeopardy clause. We disagree.

> \*　　\*　　\*　　\*　　\*　　\*

> "Merger" is the name applied to the concept of multiple punishment when multiple charges are brought in a single trial. (Citations omitted.) The test of whether one criminal offense has merged in another is whether one offense "necessarily involves" the other. (Citations omitted.) In determining whether one offense "necessarily involves" another offense so that merger applies, courts have looked to the definitions of crimes to see whether the elements are the same. (Citations omitted.)

*Id.* at 462–63, 601 P.2d at 432–33.

The Court quoted the murder statute and robbery statute and continued: "The element of these two statutes clearly differ. Either crime can be committed without committing the other." *Id.* The United States Supreme Court is generally barred from reviewing a state court's interpretation of a state statute. *See Whalen, supra.*

■ The trial court did not err in sentencing the defendant to consecutive sentences for felony murder and armed robbery. The judgment and sentence of the trial court is affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and RIORDAN, J., concur.