704 P.2d 459
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Tony SRADER, Defendant-Appellant.**

**No. 8606.**

Court of Appeals of New Mexico.

July 11, 1985.

Certiorari Denied Aug. 13, 1985.

Janet Clow, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Paul G. Bardacke, Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of two counts of criminal sexual penetration in the second degree and one

count of aggravated burglary, defendant appealed. We assigned the case to our summary calendar, proposing affirmance of the eight issues raised in the docketing statement. Defendant has filed a timely memorandum in opposition to our proposed disposition. Only one issue is argued, although appellate counsel informs us that defendant wishes the case to be recalendared for consideration of all issues raised in the docketing statement. *See State v. Boyer*, 24 SBB 524 (Ct.App.1985). The issues not argued are affirmed for the reasons stated in the calendaring notice. With regard to the issue argued, we find defendant's memorandum unpersuasive and, accordingly, affirm.

Defendant was sentenced to three concurrent nine-year terms for his three convictions. The issue raised is whether this violates double jeopardy. Our calendaring notice proposed affirmance because each offense required proof of facts which the other did not and neither offense necessarily involved the other, *State v. Young*, 91 N.M. 647, 579 P.2d 179 (Ct.App.1978), and because, defendant having received concurrent sentences, there was no issue of merger, which involves multiple punishment, *see State v. Sandoval*, 90 N.M. 260, 561 P.2d 1353 (Ct.App.1977). Defendant challenges the proposed disposition on both grounds.

Defendant contends that, under the facts of this case, *see State v. Jacobs*, 701 P.2d 400 (1985), the proof of each crime was an element of the other crime so that any increase in the penalty, from a third to a second degree felony, amounted to double jeopardy. The factor which made the criminal sexual penetration a second degree offense was that it was committed during the commission of an aggravated burglary; the burglary was a second degree offense because defendant committed a battery inside; the facts of the battery were the criminal sexual penetrations. Defendant argues that, under these facts, "enhancing each crime by the other violates double jeopardy. * * * He should have been convicted of, at most, three third degree felonies." For purposes of answering this argument, we assume, but expressly do not

decide, that *State v. DeMary*, 99 N.M. 177, 655 P.2d 1021 (1982), relied on in *Jacobs*, affected the holdings of *State v. Stephens*, 93 N.M. 458, 601 P.2d 428 (1979), and *State v. Melton*, 90 N.M. 188, 561 P.2d 461 (1977), both of which support our proposed affirmance. Nonetheless, the result in *Jacobs* affords defendant little relief. *Jacobs* would allow the sentence on a greater offense to stand. In this case, the sentence for either crime would stand. Accepting defendant's contention that the aggravated burglary was a lesser included offense of the variety of CSP for which defendant was convicted, *Jacobs* would allow the sentence for CSP. Similarly, accepting defendant's contention that the CSP was the battery in the aggravated burglary for which defendant was convicted, *Jacobs* would allow the sentence for the aggravated burglary. Thus, a nine-year sentence was authorized by *Jacobs* under the facts of this case.

Defendant next argues that the three convictions violated double jeopardy. He relies, for this argument, on language contained in *Ball v. United States*, —— U.S. ——, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), to the effect that principles of double jeopardy are offended by the collateral consequences of convictions, even apart from the sentence. We do not believe that the *Ball* language applies to this case. *Ball* was a case involving legislative intent and a determination, under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), of whether two statutorily created offenses were the same. *Blockburger* looked to the elements of the crimes to see whether each provision requires proof of a fact which the other does not. Applying this test in *Ball*, the court found that the two statutes there at issue, receiving and possessing a firearm, were the same and were directed to the same evil. The same cannot be said in the case at bar. CSP protects the bodily integrity of persons; aggravated burglary protects the physical security of places. As stated in *Young*, the offenses are not the same. It is only by application of the *DeMary* rule and look-

ing to the specific facts of this case that defendant has any double jeopardy claim whatsoever. Under these circumstances, we believe that defendant's rights have been protected under traditional double jeopardy principles by running the sentences concurrently.

Affirmed.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.