785 P.2d 282
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Robert TSETHLIKAI,
Defendant–Appellant.**

**No. 11095.**

Court of Appeals of New Mexico.

Dec. 12, 1989.

Certiorari Denied Jan. 4, 1990.

Jacquelyn Robins, Chief Public Defender and Peter Rames, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Hal Stratton, Atty. Gen. and Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HARTZ, Judge.

Defendant pleaded guilty to kidnaping with intent to hold for service, a second-degree felony, and criminal sexual penetration during the commission of kidnaping, also a second-degree felony. The district court sentenced defendant to a term of imprisonment of nine years on each count, the sentences to run consecutively, with three years of the kidnaping sentence suspended. Defendant appeals his sentence, claiming (1) the two charges merged, so consecutive sentences were impermissible, and (2) he received ineffective assistance of counsel with respect to his decision not to disqualify the sentencing judge. We affirm defendant's sentence.

## 1. MERGER

The pertinent events were reported in an exhibit tendered by defendant at the sentencing hearing and admitted by the district court. The victim awoke in her bedroom to find defendant attempting to remove her clothes. She ran to the bedroom door, but he intercepted her before she could open it. He pulled her to the floor by her hair and they struggled. He penetrated her digitally. The victim then told defendant that she needed to go to the bathroom, and he let her up. Trying to flee, she managed to open the front door, but he pushed it shut and forced her back inside. They fought, with defendant hitting her, choking her, and sitting on her. When she tried to get up and run, he knocked her down again. He walked out the front door but came in when she tried to close him out. He forced her down and penetrated her with his penis. They struggled some more, until he threw her onto the couch in a headlock with her face in the couch so that she could not breathe. After she began reciting the Lord's Prayer, he let her go and left.

The counts to which defendant pleaded guilty stated as follows:

COUNT II: That on or about the 2nd day of December, 1987, in Bernalillo County, New Mexico, the above-named defendant caused [victim] to engage in sexual intercourse, while during the commission of kidnapping, a felony, and [victim] was not the spouse of the defendant, contrary to § 30–9–11(B), NMSA 1978.

COUNT III: That on or about the 2nd day of December, 1987, in Bernalillo County, New Mexico, the above-named defendant took, restrained, or confined [victim] by force or deception, intending to hold [victim] for service against her will, contrary to § 30–4–1, NMSA 1978.

The statute upon which Count II was based reads, in pertinent part: "Criminal sexual penetration in the second degree consists of all criminal sexual penetration perpetrated: ... in the commission of any other felony[.]" NMSA 1978, § 30–9–11(B)(4) (Cum.Supp.1989). The statute upon which Count III was based reads, in pertinent part: "Kidnaping is the unlawful taking, restraining or confining of a person, by force or deception, with intent that the victim: ... be held to service against the victim's will." NMSA 1978, § 30–4–1(A) (Repl.Pamp.1984).

We assume that defendant committed only one kidnaping. *See State v. Hutchinson*, 99 N.M. 616, 624, 661 P.2d 1315, 1323 (1983) (kidnaping is a continuous offense). Therefore, convicting defendant for violation of Section 30–9–11(B), as charged in Count II, required proving that defendant committed the same kidnaping charged in

Count III. In these circumstances can consecutive sentences be imposed, or do the two offenses merge?

To avoid possible confusion, we note at the outset two questions that we are not answering. We are not deciding (1) whether it would be permissible to try defendant on Counts II and III in separate, successive trials, *see Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), or (2) whether it would be permissible to instruct the jury on kidnaping or false imprisonment as a "lesser included offense" if defendant had been indicted only on the Count II charge of CSP II. *See State v. DeMary*, 99 N.M. 177, 655 P.2d 1021 (1982). Those two questions also require an analysis of the interrelationship between Counts II and III, and judicial opinions addressing such questions often refer to criteria containing language similar, or even identical, to language used in determining issues of merger. Nevertheless, the principles underlying decision in the areas of merger, successive prosecution, and lesser-included-offense instructions are distinct from one another. *See People v. Robideau*, 419 Mich. 458, 355 N.W.2d 592 (1984). We focus, therefore, on the doctrine governing whether a defendant can be sentenced consecutively for violation of two different statutory provisions.

■ The Double Jeopardy Clause of the United States Constitution prohibits a court from imposing sentence twice on a defendant for violation of the same offense. *See Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873) (statute provided for imposition of fine *or* imprisonment; court cannot sentence for fine and then sentence for imprisonment). At the same time, however, the Clause imposes few, if any, limitations on the legislative power to define offenses. *See State v. Edwards*, 102 N.M. 413, 696 P.2d 1006 (Ct. App.1984). The legislature may define two distinct offenses and permit multiple punishment when both are violated. When conduct by a defendant violates two statutory provisions, the role of the constitutional guaranty is limited to assuring that the sentencing court has not exceeded its legis-

lative authority. *See id.* In other words, whether imposition of consecutive sentences offends the Double Jeopardy Clause in that context is determined simply by whether the legislature authorized multiple punishment. *See State v. Ellenberger*, 96 N.M. 287, 629 P.2d 1216 (1981).

*State v. Stephens*, 93 N.M. 458, 601 P.2d 428 (1979) held that two charges merge for purposes of sentencing if one "necessarily involves" the other. Although the *Stephens* court looked only to the statutory elements of the two offenses in deciding that they did not merge, on other occasions we have applied the "necessarily involved" test in light of the specific evidence presented to decide whether two offenses must merge for sentencing purposes. *See State v. Jacobs*, 102 N.M. 801, 701 P.2d 400 (Ct.App.1985). We need not decide here the extent to which such fact-specific analysis may be appropriate in merger cases. Because the ultimate question is always legislative intent with respect to sentencing, the various forms of the "necessarily involved" test and similar tests appearing in opinions regarding merger "are merely aids for determining legislative intent." *State v. Ellenberger*, 96 N.M. at 290, 629 P.2d at 1219.

■ Turning to this case, we begin the analysis by noting that Count II charges a compound crime—CSP in the commission of another felony. The legislature necessarily considered that one who commits the compound crime is always also guilty of another crime, the predicate felony. The New Mexico Supreme Court faced a similar statutory scheme in *Stephens*. The compound crime in that case was felony murder. *Stephens* affirmed consecutive sentences for the murder and the predicate felony. That decision compels the conclusion that the legislature intended to permit multiple punishments for one who commits the compound crime and the predicate felony charged in this case. Although the *Stephens* opinion did not explicitly address legislative intent, its comparison of the statutory elements of the crimes of felony murder and of robbery (the predicate felony) can be understood as an application of

a useful assumption in merger cases: "Statutes prohibiting conduct that is violative of distinct social norms can generally be viewed as separate and amenable to permitting multiple punishments." *People v. Robideau*, 419 Mich. at 487, 355 N.W.2d at 604 (upholding consecutive sentences for (1) the compound crime of criminal sexual penetration in circumstances involving a felony and (2) the predicate felony of kidnaping). Because CSP II and kidnaping address different social norms, consecutive sentences for those two crimes is, in general, permissible. *See id.*

■ Even though ordinarily consecutive sentences are permissible for a compound crime and a predicate crime that violate distinct social norms, special circumstances in a particular case may require merger. Such a possibility in this case remains to be addressed. The kidnaping alleged in Count III requires proof that defendant intended to hold the victim "for service." To prove that offense in the present case required establishing that defendant intended to hold the victim for sexual services. Thus, one could argue that the kidnaping was used to enhance the charge of criminal sexual penetration while evidence of the criminal sexual penetration was used to prove the intent necessary to enhance the false imprisonment into kidnaping. In *State v. Srader*, 103 N.M. 205, 206, 704 P.2d 459, 460 (Ct.App.1985) the defendant argued that " 'enhancing each crime by the other violates double jeopardy' "; but the court did not need to address that point because the defendant received concurrent sentences. We, too, leave to another day the question of whether we should presume that the legislature would not have intended to permit "enhancing each crime by the other." Proof of the intent necessary to establish kidnaping did not require proof of the criminal sexual penetration forming the basis of Count II. Defendant's intent to hold the victim for services could have been established by his original assault on the victim while she was asleep. The criminal sexual penetration occurred later.

Finally, we distinguish *State v. Gammil*, 108 N.M. 208, 769 P.2d 1299 (Ct.App.1989) because there the identical act constituted the basis of convictions for two offenses, one of which was inherent in the other. *See also State v. Corneau*, 109 N.M. 81, 781 P.2d 1159 (Ct.App.1989).

2. **INEFFECTIVE ASSISTANCE OF COUNSEL**

■ Defendant contends that his counsel did not advise him that he had the right to disqualify the trial judge. Because defendant's claim of ineffective assistance of counsel was not made in district court, we have no record upon which to review this matter. *See State v. Lujan*, 79 N.M. 200, 441 P.2d 497 (1968). Therefore, we deny defendant relief on this claim on direct appeal.

CONCLUSION

We affirm defendant's convictions and sentences.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.