**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE R. LUJAN,

      Petitioner-Appellant,

v.

KEITH NORWOOD, Warden, Roswell
Correctional Center; and ATTORNEY
GENERAL FOR THE STATE OF NEW
MEXICO,

      Respondents-Appellees.

No. 02-2137
(D.C. No. CIV-00-157 JC/RLP)
(D. N.M.)

**ORDER AND JUDGMENT**

Before **LUCERO**, **BALDOCK**, and **McCONNELL**, Circuit Judges.

Petitioner-Appellant Jose R. Lujan was convicted in New Mexico state court of voluntary manslaughter and six counts of aggravated assault. On habeas review, the New Mexico state trial court reversed his voluntary manslaughter conviction, but let stand the aggravated assault convictions. Lujan now appeals the federal district court's denial of habeas corpus relief on the aggravated assault convictions. Lujan argues his trial counsel was ineffective for failing to adequately investigate the case, and for failing to request a self defense instruction on the aggravated assault counts. Lujan also argues he was denied due process because the trial court did not <u>sua</u> <u>sponte</u> instruct the jury on self

defense. Finally, Lujan argues appellate counsel was ineffective for failing to raise the first issue on direct appeal. The district court granted a certificate of appealability with respect to Lujan's claim that trial counsel was ineffective. We subsequently granted a certificate of appealability as to the other two issues. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

I.

The parties are familiar with the facts and procedural history of this case, and we will not repeat them here except where necessary. "In reviewing a denial of a petition for habeas corpus, we review the district court's conclusions of law de novo and accept its findings of fact unless they are clearly erroneous." Hickman v. Spears, 160 F.3d 1269, 1270 (10th Cir. 1998). "'When the district court's findings are based merely on a review of the state record, we do not give them the benefit of the clearly erroneous standard but instead conduct an independent review.'" James v. Gibson, 211 F.3d 543, 550 (10th Cir. 2000) (quoting Smallwood v. Gibson, 191 F.3d 1257, 1264 n.1 (10th Cir. 1999)). A state court's factual determinations are presumed to be correct, and the defendant bears the burden of rebutting this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Where the defendant is in custody pursuant to the judgment of a state, federal courts will not grant habeas corpus relief with respect to any claim that was adjudicated

2

on the merits in state court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

## A.

Lujan first argues the state trial court had a duty to <u>sua</u> <u>sponte</u> instruct the jury on self defense as to the aggravated assault counts even though Lujan's counsel did not request such an instruction. Lujan argues that the New Mexico case <u>State v. Parish</u>, 878 P.2d 988 (N.M. 1994), requires that when any evidence of self defense is introduced at trial, the unlawfulness of the act becomes an element of the offense. Lujan asserts that because <u>In re Winship</u>, 397 U.S. 358 (1970) holds due process requires courts to instruct the jury on every essential element of the crime and that each element be proven beyond a reasonable doubt, the trial court's failure to instruct on self defense violated his due process rights because he introduced evidence of self defense as to the aggravated assaults.

"'As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" <u>Tyler v. Nelson</u>, 163 F.3d 1222, 1227 (10th Cir. 1999) (quoting <u>Nguyen v. Reynolds</u>, 131 F.3d 1340, 1357

3

(10th Cir. 1997)). "Thus, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because '[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Id. (quoting Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995)).

To determine whether the state trial court's refusal to deliver a self defense instruction violated Lujan's federal constitutional rights, we must determine whether, under New Mexico law, Lujan was entitled to such an instruction. To support a self defense instruction under New Mexico law, a defendant must present some evidence (1) that he feared an apparent danger of immediate death or great bodily harm, (2) that the assault resulted from that fear, and (3) that he acted as a reasonable person would act under those circumstances. See State v. Benally, 34 P.3d 1134, 1145 (N.M. 2001). The evidence presented "must be sufficient to raise a reasonable doubt in the minds of the jury as to whether or not a defendant . . . act[ed] in self-defense." State v. Martinez, 622 P.2d 1041, 1043 (N.M. 1981); see also Parish, 878 P.2d at 991. The defendant must produce evidence sufficient to raise a reasonable doubt as to all three elements of the defense. Benally, 34 P.3d at 1145.

The state habeas court held Lujan was not entitled to a self defense instruction on the aggravated assaults. The state habeas court based this ruling on several fact findings, including (1) "[t]here was no evidence that anyone attacked or took aggressive actions against [Lujan] during the extremely brief interval between the moment [Lujan] shot

4

David Ferris and when [Lujan] first pointed the gun at the six victims of the aggravated assaults;" (2) at the time the aggravated assaults occurred, only Lujan was armed; (3) Lujan testified he did not remember pointing or waving the gun at anyone; and (4) Lujan "did not allege that he pointed the gun at the six victims of the aggravated assault in self defense and [Lujan's] testimony did not support a claim of self defense as to the aggravated assaults." Consequently, the state habeas court reached the legal conclusion that because no one took aggressive action toward Lujan before he pointed the gun at the victims, and because Lujan's testimony did not support the subjective element of self defense (i.e., he was not actually in fear when he pointed the gun, and did not point the gun at the victims because of that fear), Lujan was not entitled to a self defense instruction on the aggravated assaults. The federal district court, adopting the magistrate's findings, agreed with the state habeas court that no self defense instruction was warranted on the aggravated assault counts.

Lujan has failed to demonstrate by clear and convincing evidence that the state habeas court's factual findings were incorrect. No evidence was presented at trial that anyone other than Lujan was armed at the time the aggravated assaults occurred. Although some witness statements indicated that at some point after Lujan shot Ferris some of Ferris' friends armed themselves with a pole or rocks, this testimony was not presented at trial. Lujan testified at trial that he ran away because he was "so scared," but he did not state that the aggravated assault victims put him in fear of great bodily harm or

5

death, or that he waved the gun at them because of that fear. Instead, Lujan stated he did not recall waving or pointing the gun at anyone. The state habeas court's decision that the evidence presented at trial did not support a self defense instruction is not contrary to or an unreasonable application of clearly established federal law, and was not an unreasonable determination based on the facts presented in the state proceedings. See Turner, 163 F.3d at 1228 (holding defendant did not meet his heavy burden on federal habeas review of demonstrating that state trial court's refusal to deliver a self-defense instruction violated his due process rights where evidence did not support a self defense instruction under Kansas law).

B.

Lujan next argues that trial counsel was ineffective for failing to request a self defense instruction as to the aggravated assaults. He also argues appellate counsel was ineffective for failing to raise on appeal the issue of whether the trial court erred by not instructing on self defense. To prevail on an ineffective assistance of counsel claim, Lujan must show that: (1) his counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance was prejudicial to his defense. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). To demonstrate prejudice, the defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the

6

outcome." Id. at 694.

As the state habeas court and federal district court held, counsel is not ineffective for failing to request a self defense instruction where that instruction is not supported by the evidence presented at trial. See Le v. Mullin, 311 F.3d 1002, 1026-27 (10th Cir. 2002) (holding counsel is not ineffective for failing to request a self defense instruction where evidence did not support such an instruction under state law because defendant was the first aggressor). And it follows that appellate counsel was not ineffective for failing to raise a meritless issue on appeal. See Newsted v. Gibson, 158 F.3d 1085, 1090 (10th Cir. 1998).

C.

Finally, Lujan argues counsel was ineffective for failing to conduct adequate investigation and preparation for trial, and for failing to argue for the admission of evidence that after Lujan shot Ferris, some of Ferris' friends (including at least one of the aggravated assault victims) armed themselves, chased Lujan, and beat him. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691.

The state habeas court found "[d]efense counsel's preparation and his reasons for not calling certain witnesses at trial was reasonable and his performance did not fall below an objective standard of reasonableness." The federal district court found this determination unreasonable in light of the facts presented at the state habeas hearing.

According to the federal district court, the "state court left too many pertinent issues unaddressed in the Findings and Conclusions, and totally ignored the conflicting testimony to reach a conclusion not warranted by the facts." Specifically, the federal district court noted that the statements of two witness not called at trial nor interviewed by defense counsel before trial indicated that at least one of the aggravated assault victims, Al Miller, may have been armed with a pole. The federal district court held, however, that Lujan could not show prejudice under Strickland because the "conflicting and incomplete testimony might have ensured a self-defense jury instruction, but it does not add up to a reasonable probability that the jury would have so found."

We are not convinced the state habeas court's finding that trial counsel rendered effective assistance was an unreasonable determination in light of the facts presented at the state habeas hearing, but because we agree with the federal district court that Lujan cannot show prejudice, we need not address that issue. See Strickland, 466 U.S. at 697. The federal district court concluded that the evidence presented at trial and at the state habeas corpus proceeding "appears equally divided as to whether some or all of the aggravated assaults occurred before or after the individuals started coming after Mr. Lujan." We think the evidence is even less than equally divided. Several witnesses testified or stated in their witness statements that immediately after Lujan shot Ferris, he waved the gun around at others and was laughing, told them he would shoot them too, or told them to back off. Some ambiguity exists in other witness statements about the timing

8

between when Lujan first waved the gun at the aggravated assault victims and when Al Miller and others subsequently armed themselves and pursued Lujan. But we think the jury's verdict makes clear that the jury believed Lujan pointed the gun at the aggravated assault victims immediately after the shooting. The jury convicted Lujan of assaulting Sandy Ortiz, and no one, either by trial testimony or witness statement, alleged Ortiz chased after Lujan or armed herself following the shooting. Thus, the jury must have believed the testimony that Lujan waved the gun at the aggravated assault victims immediately after he shot Ferris. Further, no witness, not even Lujan himself, definitively stated that Lujan first pointed the gun at the aggravated assault victims only after they armed themselves and chased him. Consequently, we agree with the federal district court that Lujan has failed to demonstrate a reasonable probability the result would have been different had counsel presented more evidence that Ferris' friends eventually armed themselves and pursued Lujan.

## II.

Because Lujan was not entitled to a self defense instruction on the aggravated assaults based on the evidence presented at trial, the trial court did not violate Lujan's federal due process rights by failing to instruct the jury on self defense. For the same reason, neither trial nor appellate counsel were ineffective for failing to pursue the self defense issue as to the aggravated assaults. Finally, even assuming trial counsel was ineffective for failing to prepare for trial and investigate, Lujan cannot demonstrate

9

prejudice, and therefore cannot establish ineffective assistance under <u>Strickland</u>.

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge