This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38149**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**DEREK ARTURO DUARTE,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Hector H. Balderas, Attorney General
Benjamin Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Defendant Derek Arturo Duarte appeals his convictions for aggravated battery with a deadly weapon, contrary to NMSA 1978, Section 30-3-5(C) (1969).[1] Defendant

---

1Defendant was convicted of two counts of aggravated battery with a deadly weapon (firearm) for shooting Arturo Moreno (Count 2) and April Muniz (Count 3). Defendant was also convicted of one count of possession of a firearm by a felon, contrary to NMSA 1978, Section 30-7-16 (2018, amended 2020) (Count 1), and while Defendant asks this Court to reverse his convictions, we can discern no legal argument regarding this count on appeal. Consequently, we confine our review to Defendant's aggravated battery convictions.

argues that (1) the jury should have received an instruction on self-defense, (2) Defendant was denied effective assistance of counsel, and (3) there was insufficient evidence presented at trial to support his convictions. We affirm.

**DISCUSSION**

**I.      Self-Defense Jury Instruction**

**{2}**     Defendant argues that the jury should have been given an instruction on the use of deadly force in self-defense. *See* UJI 14-5183 NMRA (setting out the use of deadly force in self-defense in nonhomicide cases). Because Defendant did not request a self-defense instruction at trial, we review his claim for fundamental error. *See State v. Adamo*, 2018-NMCA-013, ¶ 21, 409 P.3d 1002.

**{3}**     "A defendant is not entitled to a self-defense jury instruction unless it is justified by sufficient evidence on every element of self-defense." *State v. Rudolfo*, 2008-NMSC-036, ¶ 17, 144 N.M. 305, 187 P.3d 170. The requirements for self-defense are "(1) an appearance of immediate danger of death or great bodily harm to the defendant; (2) the defendant was in fact put in such fear; and (3) a reasonable person would have reacted in a similar manner." *State v. Martinez*, 1981-NMSC-016, ¶ 4, 95 N.M. 421, 622 P.2d 1041; *see also* UJI 14-5183. "The first two requirements, the appearance of immediate danger and actual fear, are subjective in that they focus on the perception of the defendant at the time of the incident. By contrast, the third requirement is objective in that it focuses on the hypothetical behavior of a reasonable person acting under the same circumstances as the defendant." *Rudolfo*, 2008-NMSC-036, ¶ 17 (internal quotation marks and citation omitted). We review the evidence in the light most favorable to the giving of the self-defense instruction. *See State v. Duarte*, 1996-NMCA-038, ¶ 5, 121 N.M. 553, 915 P.2d 309.

**{4}**     Assuming without deciding that Defendant established the first two elements, we conclude that he failed to establish the third element—that a reasonable person, put in Defendant's situation, would have thought that he was threatened with death or great bodily harm and that the use of deadly force was necessary to prevent the threatened injury. *See State v. Coffin*, 1999-NMSC-038, ¶ 12, 128 N.M. 192, 991 P.2d 447; *cf. Duarte*, 1996-NMCA-038, ¶ 8 (stating that under New Mexico law "there must have been some evidence that an objectively reasonable person, put into [the d]efendant's subjective situation, would have thought that [the individual whom the defendant sought to protect] was threatened with death or great bodily harm, and that the use of deadly force was necessary to prevent the threatened injury"). Defendant testified that he ran out of the house and through the yard, and as he jumped a fence, he dropped his wallet. He explained that as he went back for his wallet Victim was coming after him. Defendant stated that he saw Victim's hand down and then saw it come up at the same time Victim was telling him not to be scared. Defendant testified that when Victim raised his hand, he saw something, but did not know what it was. It was at this time that Defendant fired a warning shot and as he was turning to run, he "accidently squeezed the trigger," firing a second shot.

**{5}** Defendant's testimony was the only evidence cited in support of his self-defense theory and does not demonstrate that Victim's actions posed an immediate danger of death or great bodily harm. Importantly, Defendant never testified that he believed Victim was armed with a weapon. *See State v. Baroz*, 2017-NMSC-030, ¶¶ 17-18, 404 P.3d 769 (holding that the defendant coming to the victim's property without evidence that the victim was thought to be carrying a gun did not rise to the "standard of objective reasonableness" for the use of deadly force in self-defense). Similar to *Duarte*, Victim's other actions—following Defendant and raising his arm—tend to show at most that a battery was about to take place. *See* 1996-NMCA-038, ¶¶ 9-10. It is well-settled that "deadly force may not be used in a situation involving simple battery or in a struggle in which there has been no indication that death or great bodily harm could result[,]" *id.* ¶ 4, and Defendant's "resort to deadly force to prevent that battery was, therefore, unreasonable as a matter of law[.]" *Id.* ¶ 10. Accordingly, we hold that Defendant was not entitled to a jury instruction on self-defense and there was no fundamental error in failing to give the instruction. *See Adamo*, 2018-NMCA-013, ¶ 27 (explaining that "[s]ince there was no reversible error, it follows that there was no fundamental error").

## II. Ineffective Assistance of Counsel

**{6}** Defendant next argues that he was denied effective assistance of counsel because his attorney failed to request a self-defense instruction. "To establish ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." *State v. Astorga*, 2015-NMSC-007, ¶ 17, 343 P.3d 1245 (internal quotation marks and citation omitted). Regarding the first element, Defendant has not established that his counsel's performance was deficient—that it fell below an objective standard of reasonableness—because, as we have already determined, Defendant has not established that he was entitled to a jury instruction on self-defense. *See id.* ¶ 18 (noting that "[t]his is not an easy standard for convicted defendants to meet because we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" (alteration, internal quotation marks, and citation omitted)). Given the failure of this element, Defendant has not presented a prima facie case of ineffective assistance of counsel on appeal. Notwithstanding this, Defendant may pursue a habeas corpus proceeding on this issue. *See Duncan v. Kerby*, 1993-NMSC-011, ¶ 4, 115 N.M. 344, 851 P.2d 466 (explaining that our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal).

## III. Sufficiency of the Evidence

**{7}** Defendant's last argument is that there is insufficient evidence to support his convictions for aggravated battery with a deadly weapon because (1) the State did not prove that Defendant was not acting in self-defense and (2) there were inconsistencies in the witnesses' testimony. We reject Defendant's first argument for the reasons set forth above. As for his second argument, "[i]n reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all

reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Applying this standard, and having carefully reviewed the record, we conclude that the evidence was sufficient to support Defendant's convictions. Victims' testimony, accurately presented in the briefing, established all of the essential elements of the aggravated battery charges. Accordingly, we affirm Defendant's convictions on Counts 2 and 3.

**CONCLUSION**

**{8}** For the foregoing reasons, we affirm.

**{9}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**GERALD E. BACA, Judge**