**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RAYMOND MICHAEL BERNAL,

Petitioner-Appellant,

v.

RON LYTLE; ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

Respondents-Appellees.

No. 96-2280
(D.C. No. CIV 94-1294 HB/JHG)
(D. N.M.)

ORDER AND JUDGMENT[*]

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, appellant's request for oral argument is denied, and this case is ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Raymond Michael Bernal appeals the district court's dismissal of his habeas corpus petition brought pursuant to 28 U.S.C. § 2254.[1] On appeal, petitioner asserts that his consecutive twelve-year sentences for kidnaping and two counts of second degree criminal sexual penetration and his consecutive twelve-year sentences on the two counts of second degree criminal sexual penetration violate the Double Jeopardy Clause of the Fifth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

I.

We will set forth here only those facts of this case pertinent to our disposition. During the early morning hours of October 7, 1985, petitioner was following his female victim on the road to Chama, New Mexico. After petitioner repeatedly flashed his lights behind her, the victim pulled her car to the side of the road, and rolled down her window only four inches. Petitioner approached her car, allegedly to inquire as to whether he was on the right road. When the

---

[1] Petitioner has moved this court for issuance of a certificate of appealability to prosecute his appeal. Because he filed his habeas corpus petition on November 14, 1994, prior to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), he does not need a certificate of appealability to proceed. See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *1 n.2 (10th Cir. Oct. 1, 1997). Therefore, pursuant to the requirements of 28 U.S.C. § 2253 in effect at the time petitioner filed in the district court, we grant a certificate of probable cause and proceed to the merits of petitioner's appeal.

victim turned to lower the volume on her car stereo, petitioner shoved his arm into the window opening and unlocked her car door. He entered the victim's car, struggled with her for the car keys, which she managed to keep, and told her he wanted to "make love to her." He then exited the car and attempted to remove her pants. She continued to struggle, so he hit her several times in the face and the head and threatened to get a gun from his truck and kill her.

When he attempted to take the victim to his truck, she managed to break away and ran into the road in an attempt to flag down an approaching car. Petitioner caught her, shoved her into the side of her car and threw her into a mud puddle between the vehicles. He then pulled her to his truck and continued to hit her until she removed her pants and entered the truck. Once the victim was laying on the seat of the truck, petitioner got on top of her and raped her by putting his penis in her vagina. He then had oral sex with her by placing his tongue in her vagina. Following this act, he let her get up, and when she was outside the truck attempting to put on her clothes, he said, "Wait, I'm not done," and shoved her back into the truck where he raped her again by putting his penis in her vagina.

After the third rape, while the victim was attempting to return to her car, petitioner grabbed her and asked if she had his truck keys. After ascertaining that she did not have the keys, he let her go. She returned to a Circle K store where she had previously asked directions of a police officer, and reported the attack.

Following a jury trial, at which petitioner presented no defense, he was found guilty of two counts of second degree criminal sexual penetration (with injury) (CSP II), one count of second degree kidnaping (holding for service), one count of false imprisonment, and one count of assault with intent to commit a violent felony. Upon a finding of aggravating circumstances, petitioner was sentenced to twelve years' imprisonment on each CSP II count and on the kidnaping count to run consecutively. He was also sentenced to four years on the false imprisonment count and two years on the assault count to run concurrently, for a total of thirty-six years. His convictions were affirmed on direct appeal, and his state habeas corpus petition was denied. The New Mexico Supreme Court denied certiorari, and petitioner filed this action in federal court.

II.

In reviewing the denial of petitioner's federal habeas corpus petition, we accept the district court's findings of fact unless clearly erroneous, and we review the court's conclusions of law de novo. See Matthews v. Price, 83 F.3d 328, 331 (10th Cir. 1996).

The Double Jeopardy Clause of the Fifth Amendment protects against imposing multiple punishments for the same offense. See North Carolina v. Pearce, 395 U.S. 711, 717 (1969). "With respect to cumulative sentences

imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). In determining whether a defendant's acts constitute a single criminal offense or separate criminal offenses for double jeopardy purposes, we defer to the state court's interpretation of the relevant state statutes. See Brecheisen v. Mondragon, 833 F.2d 238, 240 (10th Cir. 1987).

Initially, petitioner claims that his consecutive sentences for kidnaping and CSP II violate double jeopardy because his conduct was unitary, and there is no evidence that the New Mexico legislature intended multiple punishments for such unitary conduct. In recommending denial of petitioner's claim, the magistrate judge relied on Blockburger v. United States, 284 U.S. 299 (1932). In Blockburger, the Supreme Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Id. at 304.

Interpreting the Blockburger test as "a canon of construction used to guide courts in deciphering legislative intent," Swafford v. State, 810 P.2d 1223, 1229 (N.M. 1991), the New Mexico Supreme Court formulated a two-part test for determining legislative intent as to multiple punishments, see id. at 1233-34.

-5-

First, the court must inquire as to "whether the conduct underlying the offenses is unitary, i.e., whether the same conduct violates both statutes." Id. at 1233. If this question is answered in the negative, multiple punishments would not violate the double jeopardy clause, and there is no need to proceed to the second prong of the test. See id. at 1234. The second part of the test "asks whether the legislature intended multiple punishments for unitary conduct." Id.

New Mexico law defines criminal sexual penetration as "the unlawful and intentional causing of a person to engage in sexual intercourse, cunnilingus, fellatio or anal intercourse or the causing of penetration, to any extent and with any object, of the genital or anal openings of another, whether or not there is any emission." N.M. Stat. Ann. § 30-9-11(A). Here, petitioner was charged with three counts of second degree criminal sexual penetration which, in this case, is unlawful criminal sexual penetration committed "in the commission of any other felony." Id. § 30-9-11(D)(4). Kidnaping is defined as "the unlawful taking, restraining, transporting or confining of a person, by force, intimidation or deception with intent . . . that the victim be held to service against [her] will." Id. § 30-4-1(A)(3). The New Mexico court has stated that, absent "'special circumstances'" requiring merger, "double jeopardy principles do not preclude multiple punishment for both CSP II, felony, and kidnapping." State v. Pisio, 889

P.2d 860, 869 (N.M. Ct. App. 1994) (quoting State v. Tsethlikai, 785 P.2d 282, 285 (N.M. Ct. App. 1989)).

Relying on State v. McGuire, 795 P.2d 996, 1000 (N.M. 1990), petitioner argues that, pursuant to the applicable criminal statutes, it is possible for every act of criminal sexual penetration also to constitute the act of kidnaping. In so doing, petitioner misrepresents and misapplies the New Mexico Supreme Court's rationale and holding in McGuire, a case also addressing a defendant's challenge to his consecutive sentences for kidnaping and CSP II.

In McGuire, the defendant and his brother forced their way into the victim's car. While his brother drove, the defendant forced the victim into the back seat, then bound, gagged, and raped her. The pair eventually drove the victim to an isolated spot where they murdered her. The court held that under the evidence presented, the jury could have found an independent factual basis for the two offenses, and therefore, the CSP II was not a lesser included offense of kidnaping. See id. at 1001-02.

Here, it is clear that petitioner's intent to kidnap the victim for the purpose of sexual service was formed at the time he initially restrained her in her car, announcing that he intended to make love to her. See McGuire, 795 P.2d at 1001 ("Once [petitioner] restrained the victim with the requisite intent to hold her for service against her will, he had committed the crime of kidnaping . . . ."). This

conclusion is not altered by the fact that the kidnaping continued throughout the subsequent struggles with the victim and the episodes of CSP II.  See id.; Brecheisen, 833 F.2d at 240-41 (holding that initial acts of battery were separate and distinct from the battery which occurred during the CSP offense).

"[P]roof of the commission of one crime by evidence that proves commission of another may constitute double jeopardy only when, given the elements of each crime, the one crime could not have been committed without the commission of the other."  McGuire, 795 P.2d at 1001.  Independent factual evidence was presented at trial to prove each of the charges.  The jury was at liberty to infer that the factual evidence presented supported independent convictions and sentences.  We conclude, therefore, that, because the conduct underlying the two crimes was not unitary, the first prong of the Swafford test has not been established, and petitioner's convictions and consecutive sentences for those two crimes did not violate the constitution's proscription against double jeopardy.

### III.

Next, petitioner argues that his constitutional right to be free from double jeopardy was violated when he was sentenced to consecutive sentences for his convictions on the two charges of CSP II.  Under New Mexico law, "if the

defendant commits two discrete acts violative of the same statutory offense, but separated by sufficient indicia of distinctness, then a court may impose separate, consecutive punishments for each offense." Swafford, 810 P.2d at 1233; see also Herron v. State, 805 P.2d 624, 628 (N.M. 1991) (the number of actual criminal sexual penetrations is not dispositive of the number of violations of section 30-9-11, "absent proof that each act of penetration is in some sense distinct from the others"). In determining whether one act is distinct from another, the court considers:

> (1) temporal proximity of penetrations (the greater the interval between acts the greater the likelihood of separate offenses); (2) location of the victim during each penetration (movement or repositioning of the victim between penetrations tends to show separate offenses); (3) existence of an intervening event; (4) sequencing of penetrations (serial penetrations of different orifices, as opposed to repeated penetrations of the same orifice, tend to establish separate offenses); (5) defendant's intent as evidenced by his conduct and utterances; and (6) number of victims (although not relevant here, multiple victims will likely give rise to multiple offenses).

Id.

At trial, the victim testified that once petitioner had forced her into his truck, he raped her. Following the first vaginal penetration with his penis, he performed oral sex on her, and then allowed her to exit the truck. While she was attempting to put her clothes on, petitioner shouted, "Wait! I'm not done," at which point he forced her back into the truck and committed another penile

penetration of her vagina. The magistrate judge found these intervening events sufficient to support separate convictions and sentences for each offense. We agree.

The two offenses were separated by the intervening act of petitioner's release of the victim.[2] Following the apparent release, petitioner forced the victim back into the truck thereby repositioning her prior to the second penile penetration. Petitioner's conduct in allowing the victim to exit the truck and begin to dress and his subsequent command to her to "Wait, I'm not done," also served to separate the two offenses into distinct acts. Therefore, applying the Herron factors, we conclude that the conduct surrounding the first CSP II charge was sufficiently distinct from the conduct surrounding the second CSP II charge to support separate convictions and consecutive sentences. The conduct was not unitary, and double jeopardy was not violated

---

[2] According to the victim's testimony at trial the two offenses were also separated by the intervening act of oral sex. The nurse attending the victim at the hospital following the attack testified, however, that the victim told her the petitioner had not performed oral sex on her. Consequently, although charged with three counts of CSP II, petitioner was only convicted of the two counts involving penile penetration.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge