# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>October 25, 2017</u>

**NO. A-1-CA-34773**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PHILLIP SIMMONS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**SUTIN, Judge.**

{1}   Defendant Phillip Simmons was convicted by a jury of two counts of criminal sexual penetration in the second degree (in the commission of a felony) (CSP II-felony) in violation of NMSA 1978, Section 30-9-11(E)(5) (2009), one count of criminal sexual penetration in the second degree (by force or coercion, child 13-18) (CSP II-force/coercion) in violation of Section 30-9-11(E)(1), one count of kidnapping in the first degree in violation of NMSA 1978, Section 30-4-1 (2003), one count of distribution of a controlled substance to a minor in the second degree in violation of NMSA 1978, Section 30-31-21 (1987), and one count of contributing to the delinquency of a minor in violation of NMSA 1978, Section 30-6-3 (1990).[1]

{2}   On appeal, Defendant argues that (1) the district court failed to instruct the jury on a required element for the CSP II-felony convictions; (2) there was insufficient evidence to support the jury's guilty verdicts; and (3) this Court must vacate the kidnapping, distribution of a controlled substance to a minor, or contributing to the delinquency of a minor convictions, or else reduce the CSP II-felony convictions to

---

[1] We note that although the jury clearly found Defendant guilty of two counts of CSP II-felony and one count of CSP II-force/coercion and the district court recognized those verdicts, the judgment erroneously states that Defendant was convicted of three counts of CSP II-force/coercion.

CSP IV because allowing all convictions to stand would violate double jeopardy. We affirm in part and remand in order to vacate Defendant's CSP II-felony convictions.

**BACKGROUND**

{3}     On an evening in July 2010, Victim, a fifteen-year-old boy, went to a concert with his family. After the concert, Victim planned on attending a party with his family and got a ride with his cousin and his cousin's friend. While in the car, Victim got into an argument with his cousin, at which point his cousin's friend kicked Victim out of the car in downtown Albuquerque near the Alvarado Transportation Center (ATC). Victim, wanting to get home, tried to get a ride home from ATC but was initially unsuccessful. After some time, Defendant pulled up to Victim and offered Victim a ride home. Defendant told Victim he needed to do something first and drove to a salon. After going to the salon, Defendant drove Victim to Defendant's apartment.

{4}     Once at the apartment, Defendant told Victim he had "to get something real quick," and they entered the apartment. Victim testified that he felt "a little bit forced" to enter the apartment and believed he was threatened. Once inside, Defendant offered Victim a beer, as well as "[c]rack, weed, [and] coke." Victim, feeling pressured, accepted a beer and cocaine, which made him feel "woozy." At that point, Defendant began touching Victim and sucked Victim's penis. Victim testified that he was "worried about getting home" and that the encounter "made [him] feel . . . gross"

2

and "[a]shamed of [himself]." Thereafter, Defendant sucked Victim's penis again, and they smoked more cocaine. Victim asked to go home, but Defendant told him that Defendant would take Victim home "in the morning[.]" Victim protested, telling Defendant that he had to go see his probation officer because Victim was on probation. Defendant then asked for anal sex, and Victim complied because he was afraid that if he did not, he would be anally penetrated. Victim testified that Defendant was larger than him, and he was scared.

{5} Defendant eventually took Victim home around 7:00 a.m. When Defendant dropped Victim off, Defendant provided his name and phone number to Victim, told Victim to call him, and made promises of money and access to his car. When Victim arrived home he cried, took multiple showers, and told his mother, aunt, and grandmother what had happened. Victim was examined by a sexual assault nurse examiner (SANE), who testified that Victim disclosed that he felt coerced to have anal sex with Defendant and reported being "woken up with his genitals being sucked on[.]"

{6} Victim identified Defendant as the perpetrator in a photo array, gave the police a fairly accurate description of Defendant's apartment, and identified Defendant as the perpetrator at trial. A forensic examiner testified at trial that she identified saliva that contained Defendant's DNA on the inside of Victim's boxer shorts.

3

{7} The jury found Defendant guilty of two counts of CSP II-felony, one count of CSP II-force/coercion, one count of kidnapping, one count of distribution of a controlled substance to a minor, and one count of contributing to the delinquency of a minor. For the CSP II-felony counts, the jury was instructed that the State must prove that Defendant caused Victim to engage in fellatio and anal intercourse during the commission of kidnapping or distribution of a controlled substance to a minor or contributing to the delinquency of a minor. However, the jury was not asked to identify which felony it relied upon in reaching its verdicts on the CSP II-felony counts. Defendant was ultimately sentenced to twenty-seven years in prison, with nine years of the sentence suspended, for a total sentence of eighteen years. This appeal followed.

**DISCUSSION**

**I.      Jury Instructions—CSP II-felony**

{8} Defendant argues that the district court failed to instruct the jury that in order to find Defendant guilty of the CSP II-felony counts, it had to find that there was a causal link between the felony committed and the CSP. Defendant admits that trial counsel did not request that an instruction be given on the causal link between the CSP II-felony charges and the associated felonies.

4

{9} When a party fails to object to a tendered jury instruction, we review the issue for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. Fundamental error "only applies in exceptional circumstances when guilt is so doubtful that it would shock the judicial conscience to allow the conviction to stand." *State v. Baca*, 1997-NMSC-045, ¶ 41, 124 N.M. 55, 946 P.2d 1066, *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783.

{10} In support of his position that fundamental error occurred, Defendant highlights *State v. Stevens*, 2014-NMSC-011, 323 P.3d 901, arguing when charging CSP II-felony, the associated felony "must be a felony that is committed against the victim of, and that assists in the accomplishment of, sexual penetration perpetrated by force or coercion or against a victim who, by age or other statutory factor, gave no lawful consent." *Id.* ¶ 39. According to Defendant, the State never argued and the jury never found a "nexus" between the associated felony, i.e., distribution of a controlled substance to a minor, kidnapping, and/or contributing to the delinquency of a minor, on the one hand, and the two counts of CSP II-felony, on the other hand. Defendant argues that the jury should have been asked to consider the causal link between the associated felony and the CSP when rendering its verdict on CSP II-felony, and

because the jury never was instructed to find that the felony assisted in the accomplishment of the CSP, there was fundamental error.

{11} In *Stevens*, our Supreme Court considered the adequacy of a given CSP II-felony jury instruction and whether the inadequacies in the instruction constituted fundamental error. *Id.* ¶¶ 1-3. The defendant in *Stevens* was charged with two counts of CSP-II felony, with the associated felony being distribution of a controlled substance to a minor, after the defendant provided her minor daughter with methamphetamine and told her daughter to perform oral sex on the defendant's boyfriend on two occasions. *Id.* ¶¶ 4-6. The defendant argued that her "convictions for CSP II-felony resulted from fundamental error because the jury was not instructed that the [prosecution] had to prove that the sexual activity occurring during the commission of a felony was otherwise criminal[.]" *Id.* ¶ 12 (internal quotation marks omitted). The at-issue instruction required, in relevant part, that the prosecution prove (1) "[t]he defendant caused [her] daughter to engage in fellatio on [the defendant's] boyfriend[,]" and (2) "[t]he defendant committed the act during the commission of distribution of a controlled substance to a minor[.]" *Id.* ¶ 13 (internal quotation marks omitted). Our Supreme Court ultimately held that "when a CSP II charge is based on the commission of a felony, it must be a felony that is committed against the victim of, and that assists in the accomplishment of, sexual penetration perpetrated by force

6

or coercion or against a victim who, by age or other statutory factor, gave no lawful consent." *Id.* ¶ 39. The *Stevens* Court concluded, however, that although the jury instruction was deficient, the error was unpreserved and "did not rise to the level of fundamental error." *Id.* ¶¶ 42-43, 46. The Court noted that in convicting the defendant, the jury necessarily determined that the defendant caused her boyfriend to sexually penetrate her daughter during the commission of a felony. *Id.* ¶ 43. Additionally, the Court looked to testimony from the defendant's daughter that she acquiesced to the defendant's request after she was injected with methamphetamine. *Id.* ¶ 45. Thus, the Court did "not consider guilt to be so doubtful that a conviction would shock the judicial conscience" and affirmed the defendant's convictions. *Id.* ¶¶ 45, 58.

{12}    In this case, as in *Stevens*, there is no fundamental error. Here, the jury instructions on CSP-II felony stated, in relevant part, that the State must prove: (1) Defendant caused Victim to engage in fellatio and anal intercourse, and (2) Defendant committed the acts during the commission of kidnapping or distribution of a controlled substance to a minor or contributing to the delinquency of a minor. These instructions are similar to the instruction in *Stevens* in that they did not instruct the jury to find that the associated felony must be "committed against the victim of[] and . . . assist[] in the accomplishment of" the CSP. *Id.* ¶ 39. But, also as

7

in *Stevens*, this deficiency does not rise to the level of fundamental error. *See id.* ¶¶ 42-43, 46. Here, a reasonable juror would not be confused by the instruction, and the connection between the associated felonies and the acts of CSP is so readily apparent that the CSP II-felony convictions do not shock the judicial conscience. In this case, the associated felonies, i.e., kidnapping, distribution of a controlled substance to a minor, and contributing to the delinquency of a minor, were all committed against Victim, as evidenced by the guilty verdicts for those felonies. Additionally, there can be no doubt that Defendant was assisted in carrying out the CSPs against Victim by the commission of the associated felonies.

**II.     Sufficiency of the Evidence**

{13}     Defendant argues that there was insufficient evidence to support his convictions for kidnapping, distribution of a controlled substance to a minor, CSP II, and contributing to the delinquency of a minor. "In reviewing the sufficiency of the evidence, [the appellate courts] must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

(alteration, emphasis, internal quotation marks, and citation omitted). Further, "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts[,]" *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829, and we defer to the fact-finder "when it weighs the credibility of witnesses and resolves conflicts in witness testimony." *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482.

**A. Distribution of a Controlled Substance to a Minor, CSP II, and Contributing to the Delinquency of a Minor**

{14} Defendant's argument regarding the distribution of a controlled substance to a minor conviction is that, although Victim testified he was offered various drugs, a drug test was not performed, and thus the evidence is insufficient. His argument against the three CSP II convictions is that Victim's testimony was "almost nonsensical." And Defendant's argument against contributing to the delinquency of a minor is that there was no evidence that Defendant gave Victim alcohol or controlled substances. We reject all of these arguments because they request that this Court usurp the role of the jury as fact-finder and supplant the jury's view of the evidence with our own.

{15} At trial, Victim testified that Defendant provided him with drugs and alcohol and that there were three sexual encounters. Victim identified Defendant as the perpetrator at trial, and a forensic examiner testified at trial that she identified saliva

9

that contained Defendant's DNA on the inside of Victim's boxer shorts. *See id.* Simply because the evidence presented at trial could have been bolstered by a drug test or clearer testimony does not mean that there was insufficient evidence to convict Defendant of his crimes. *See Rojo*, 1999-NMSC-001, ¶ 19. Given the testimony, we hold there was sufficient evidence to uphold Defendant's convictions for distribution of a controlled substance to a minor, CSP II, and contributing to the delinquency of a minor.

**B.    Kidnapping**

{16}    Defendant argues that there was insufficient evidence of kidnapping because the Victim willingly entered Defendant's car and that, after driving to the salon and Defendant's apartment, "a savvy boy like [Victim] would have begun to suspect that the ride home was not going to happen any time soon." Defendant argues that there was no kidnapping by deception because Victim went voluntarily into Defendant's apartment, and Victim never testified that he was physically restrained by Defendant. Defendant argues that it is unclear at what point the physical association between him and Victim was no longer voluntary, and thus it was unreasonable for the jury to convict Defendant of kidnapping.

{17}    We are unpersuaded. To support a conviction for kidnapping, the jury instruction required proof, in relevant part, that Defendant "took or restrained or

10

confined or transported [Victim] by force or intimidation or deception[, and] intended to hold [Victim] against [Victim's] will to inflict death, physical injury or a sexual offense on [Victim.]" *See* § 30-4-1(A)(4) ("Kidnapping is the unlawful taking, restraining, transporting or confining of a person, by force, intimidation or deception, with intent . . . to inflict death, physical injury or a sexual offense on the victim.").

{18}     Kidnapping by deception "can occur when an association [between a victim and a defendant] begins voluntarily but the defendant's actual purpose is other than the reason the victim voluntarily associated with the defendant." *State v. Jacobs*, 2000-NMSC-026, ¶ 24, 129 N.M. 448, 10 P.3d 127; *see State v. Laguna*, 1999-NMCA-152, ¶¶ 2, 12, 17, 128 N.M. 345, 992 P.2d 896 (describing kidnapping by deception where the victim was offered a ride and the defendant "conceal[ed his] intent of exploring sexual involvement with [the victim]").

{19}     Here, Victim testified that he was led to believe that Defendant was going to give him a ride home, even though Defendant made two stops. Once at the apartment, Victim testified that he felt "a little bit forced" to enter the apartment and believed he was threatened. The jury could have reasonably found that Victim's association with Defendant was based on a deception when Defendant (1) lied by offering Victim a ride home with another intent in mind, (2) lied to Victim when he said he would drive Victim home after stopping at the salon, or (3) lied to Victim when he said he would

11

drive Victim home after stopping at the apartment "to get something real quick[.]" Additionally, as noted by the State, the jury could have reasonably found that Defendant used intimidation as part of the kidnapping as evidenced by the physical disparities between Defendant and Victim, Victim's testimony that Defendant told him to go into the apartment, and Victim's testimony that he felt forced.

{20} We are also unpersuaded by Defendant's argument that "a savvy boy like [Victim] would have begun to suspect that the ride home was not going to happen any time soon." As with his sufficiency of the evidence arguments regarding his other convictions, Defendant is essentially asking this Court to re-weigh the evidence and make alternative determinations about Victim's credibility and what Victim should have believed. As we have stated, we defer to the fact-finder regarding such issues. *See Salas*, 1999-NMCA-099, ¶ 13. And we do "not re-weigh the evidence to determine if there was another hypothesis that would support innocence[.]" *State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72.

**III.  Double Jeopardy**

{21} Defendant argues on appeal that, with respect to each of the two CSP II-felony convictions, this Court on double jeopardy grounds must vacate either the kidnapping, distribution of a controlled substance to a minor, or contributing to the delinquency of a minor convictions. Defendant compares CSP II-felony to felony

12

murder, arguing that CSP II-felony is a compound crime that requires a finding of CSP and the associated felony and that the associated felony is thus subsumed within the CSP II-felony. *See State v. Frazier*, 2007-NMSC-032, ¶ 1, 142 N.M. 120, 164 P.3d 1 (holding under double jeopardy principles that "the predicate felony is always subsumed into a felony murder conviction, and no defendant can be convicted of both"); *State v. Tsethlikai*, 1989-NMCA-107, ¶ 8, 109 N.M. 371, 785 P.2d 282 (noting that CSP II-felony is a compound crime). Defendant argues in his brief in chief that kidnapping "is the most likely crime to be violative of double jeopardy" and thus suggests that the kidnapping conviction is "subsumed into the CSP II[-felony] convictions" and must be vacated. However, in his reply brief, Defendant appears to change his position, suggesting that "the proper remedy in this case would be to reduce the CSP II to a CSP IV[2] because it is impossible to know upon which alternative [associated felony] the jury relied." And Defendant requests that "this Court vacate the CSP II and enter the lesser included offense [of CSP IV] that is not based upon a finding that violates double jeopardy."

---

[2] CSP IV requires that a defendant be guilty of sexual penetration of a child thirteen to sixteen by a person who is at least eighteen years old and at least four years older than the victim, and in this case, the jury was instructed as to CSP IV as a lesser included offense of CSP II-felony. Section 30-9-11(G)(1).

13

{22} In its answer brief, the State agrees that a conviction must be vacated. But the State argues that the conviction for contributing to the delinquency of a minor, the lesser of the three predicate felonies, should be vacated because, per *Frazier*, "if the facts support multiple charges of a particular felony which can be sustained under a unit[]of[]prosecution analysis, then the [prosecution] is free to use one of those charges as the predicate felony and obtain separate convictions for the other charges." 2007-NMSC-032, ¶ 27. Additionally, the State notes that our Supreme Court has held that if a double jeopardy violation is found, the appellate courts "must vacate the conviction for the lesser offense." *State v. Gonzales*, 2007-NMSC-059, ¶ 10, 143 N.M. 25, 172 P.3d 162.

{23} Because Defendant's argument that his CSP II-felony convictions should be vacated and remanded for sentencing as CSP IV convictions was argued for the first time in his reply brief, we need not and do not address that argument. *See Guest v. Berardinelli*, 2008-NMCA-144, ¶ 36, 145 N.M. 186, 195 P.3d 353 ("[W]e do not consider arguments raised in a reply brief for the first time."); *State v. Druktenis*, 2004-NMCA-032, ¶ 122, 135 N.M. 223, 86 P.3d 1050 ("We will not consider issues raised for the first time in an appellant's reply brief."). But even if Defendant had earlier proposed his solution of lowering his CSP II-felony convictions to CSP IV convictions, we would not be inclined to adopt his proposed solution because he

14

failed to develop the argument and cited no authority in support of that maneuver. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists[.]"); *State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what [a party's] arguments might be"); *see also State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 (reminding counsel that the appellate courts "are not required to do their research" and stating that "conclusory statement[s] will not suffice and [are] in violation of our [R]ules of [A]ppellate [P]rocedure").

{24}     Although it is unclear which associated felony was relied upon by the jury in reaching its guilty verdicts for the two CSP II-felony counts, we focus on Defendant's argument that the kidnapping and CSP II-felony convictions violate double jeopardy. Defendant asks this Court to consider vacating the distribution of a controlled substance conviction or contributing to the delinquency of a minor conviction only if we disagree that the CSP II-felony and kidnapping convictions violate double jeopardy. Because, as explained later in this opinion, we hold that convicting Defendant for both kidnapping and CSP II-felony would violate double jeopardy and because we instruct the district court to vacate the CSP II-felony convictions, we need

not and do not address Defendant's alternative arguments that his convictions for distribution and/or contributing to the delinquency would violate double jeopardy if coupled with the CSP II-felony convictions.

**{25}**    Double jeopardy challenges involve constitutional questions of law that we review de novo. *SeeState v. Melendrez*, 2014-NMCA-062, ¶ 5, 326 P.3d 1126. The prohibition against double jeopardy "functions in part to protect a criminal defendant against multiple punishments for the same offense." *State v. Swick*, 2012-NMSC-018, ¶ 10, 279 P.3d 747 (internal quotation marks and citation omitted). Double jeopardy multiple-punishment cases are divided into two classifications: (1) multiple convictions under a single statute are "unit of prosecution" cases; and (2) multiple convictions under separate statutes resulting from the same conduct are "double description" cases. *Id*. Because we are dealing with multiple convictions under separate statutes, this is a double description case. For double description cases, we apply the two-part test set forth in *Swafford v. State*, 1991-NMSC-043, ¶ 25, 112 N.M. 3, 810 P.2d 1223: (1) whether the conduct is unitary; and (2) if so, whether the Legislature intended to punish the offenses separately. *State v. Silvas*, 2015-NMSC-006, ¶ 9, 343 P.3d 616.

**A.    Unitary Conduct**

{26} In analyzing a double description multiple-punishment claim, we first determine whether the underlying conduct for the offenses is unitary. *See Swafford*, 1991-NMSC-043, ¶ 25. "Conduct is not unitary if sufficient indicia of distinctness separate the transaction into several acts." *State v. Montoya*, 2011-NMCA-074, ¶ 31, 150 N.M. 415, 259 P.3d 820 (internal quotation marks and citation omitted). In specifically analyzing whether the conduct underlying kidnapping and CSP II-felony convictions is unitary, this Court has held that "unitary conduct occurs when the [prosecution] bases its theory of [kidnapping] on the same force used to commit CSP II[-felony] even though there were alternative ways to charge the crime." *Id*. ¶ 37. Stated another way, "because some force or restraint is involved in every sexual penetration without consent, [kidnapping] cannot be charged out of every CSP without a showing of force or restraint separate from the CSP." *Id*. ¶ 38.

{27} In the present case, the jury could have found that Defendant's kidnapping of Victim was complete when he deceived Victim into entering his car by offering Victim a ride home. The jury could also have found that the kidnapping was accomplished when Victim, feeling forced and intimidated, entered Defendant's apartment and remained while the ensuing acts of CSP occurred. When the conduct underlying two convictions could be unitary under the facts, but we are unsure if the jury relied on that unitary conduct for both convictions, we nevertheless assume for

17

the purposes of our double jeopardy analysis that the conduct was unitary because one of the options/alternatives/scenarios is legally inadequate. *See id.* ¶ 39 (acknowledging the principle that "we must reverse a conviction if one of the alternative bases for the conviction provided in the jury instructions is legally inadequate because it violates a defendant's constitutional right to be free from double jeopardy" and concluding that the conduct in the kidnapping and CSP was unitary for the purposes of double jeopardy because this Court was unable to determine from the record when the kidnapping was accomplished (internal quotation marks and citation omitted)); *see also State v. Foster*, 1999-NMSC-007, ¶ 27, 126 N.M. 646, 974 P.2d 140 ("[T]he Double Jeopardy Clause . . . require[s] a conviction under a general verdict to be reversed if one of the alternative bases for conviction provided in the jury instructions is legally inadequate because it violates a defendant's constitutional right to be free from double jeopardy[.]" (internal quotation marks omitted)), *abrogation on other grounds recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683.

{28}    As we stated in Section (I), *supra*, we have no doubt that Defendant was assisted in carrying out the acts of CSP by the commission of the associated felonies. And if the jury could have found that the kidnapping was accomplished during the CSPs, which is possible given the testimony, the conduct would be unitary because

18

the force used for the kidnapping would be the same force used for the CSPs. We therefore conclude, for the purposes of our double jeopardy analysis, that the conduct was unitary.

**B.      Legislative Intent**

{29}      Where unitary conduct forms the basis for multiple convictions, we next "inquire whether [the d]efendant has been punished twice for the same offense, and if so, whether the Legislature intended that result." *Silvas*, 2015-NMSC-006, ¶ 11. "In analyzing legislative intent, [the appellate courts] first look to the language of the statute itself." *Swick*, 2012-NMSC-018, ¶ 11. In the absence of an express statement of legislative intent, we apply the rule of statutory construction from *Blockburger v. United States*, 284 U.S. 299, 304 (1932), to ensure that "each provision requires proof of a fact the other does not." *Swafford*, 1991-NMSC-043, ¶ 10 (internal quotation marks omitted). "If that test establishes that one statute is subsumed within the other, the inquiry is over and the statutes are the same for double jeopardy purposes—punishment cannot be had for both." *Id.* ¶ 30. When punishment cannot be had for both, "[t]he general rule requires that the lesser offense be vacated . . . [and] . . . the degree of felony . . . is an appropriate measure of legislative intent regarding which of two offenses is a greater offense." *Swick*, 2012-NMSC-018, ¶ 31 (third omission in original) (internal quotation marks and citation omitted). "If one

19

statute requires proof of a fact that the other does not, then the Legislature is presumed to have intended a separate punishment for each statute without offending principles of double jeopardy. That presumption, however, is not conclusive and it may be overcome by other indicia of legislative intent." *Silvas*, 2015-NMSC-006, ¶¶ 12-13 (internal quotation marks and citations omitted).

{30} "When applying *Blockburger* to statutes that are vague and unspecific or written with many alternatives, we look to the charging documents and jury instructions to identify the specific criminal causes of action for which the defendant was convicted." *State v. Ramirez*, 2016-NMCA-072, ¶ 18, 387 P.3d 266, *cert. denied*, 2016-NMCERT-___ (No. S-1-SC-35949, July 20, 2016). The jury instructions in the present case for the CSP II-felonies required the jury to find that Defendant caused Victim to engage in fellatio and anal intercourse during the commission of kidnapping or distribution of a controlled substance to a minor or contributing to the delinquency of a minor. The jury instruction for the separate crime of kidnapping required the jury to find that Defendant took, restrained, or transported Victim by force, intimidation, or deception with the intent to hold Victim against his will to inflict a sexual offense on him.

{31} In comparing the two offenses of CSP II-felony and kidnapping as charged, we look to *Montoya*, 2011-NMCA-074, ¶ 42, as instructive. In *Montoya*, this Court

considered whether the defendant's right to be free from double jeopardy was violated when he was convicted of both CSP II-felony and the associated felony of either aggravated burglary or kidnapping. *Id.* ¶ 28. After holding that the conduct underlying the CSP II-felony conviction and the aggravated burglary conviction was not unitary, but that the conduct underlying the CSP II-felony conviction and kidnapping conviction could be unitary, this Court turned to legislative intent. *Id.* ¶¶ 34, 39-40. In evaluating legislative intent, we looked to the jury instructions provided for the CSP II-felony count and the kidnapping count and determined that the CSP II-felony instruction "required the jury to find that [the d]efendant caused [the v]ictim to engage in sexual intercourse during the commission of [kidnapping] or aggravated burglary." *Id.* ¶ 41. Per the jury instructions, this Court concluded that CSP II-felony required proof of all of the elements of kidnapping, and thus the kidnapping conviction was subsumed within the CSP II-felony conviction. *Id.* ¶ 42.

{32}     Here, similar to *Montoya*, our analysis of the jury instructions for the CSP II-felony and kidnapping charges supports a conclusion that kidnapping is subsumed within the CSP II-felony convictions. *See id.* We therefore remand to the district court with instructions to vacate Defendant's conviction for the lesser offense, *see id.* ¶ 43, which means "vacat[ing] the conviction carrying the shorter sentence." *State v. Montoya*, 2013-NMSC-020, ¶ 55, 306 P.3d 426. Under the facts of this case, because

21

Defendant's conviction for kidnapping was a first degree felony conviction and his convictions for CSP II-felony were second degree felony convictions, the CSP II-felony convictions are the lesser offenses. We, therefore, instruct the district court to vacate the CSP II-felony convictions, leaving the kidnapping conviction.[3] *See Montoya v. Driggers*, 2014-NMSC-009, ¶ 9, 320 P.3d 987 (noting that the district court complied with this Court's mandate to vacate the lesser conviction of CSP II-felony because, between CSP II-felony and kidnapping (first degree), CSP II-felony was the lesser conviction); *Swick*, 2012-NMSC-018, ¶ 31 ("The general rule requires that the lesser offense be vacated . . . [and] . . . the degree of felony . . . is an appropriate measure of legislative intent regarding which of two offenses is a greater offense." (third omission in original) (alteration, internal quotation marks, and citation omitted)).

**CONCLUSION**

---

[3] We acknowledge that stating the kidnapping is subsumed, while holding that kidnapping was the greater offense as compared to CSP II-felony, seems irregular. "Subsume" means to "include or place something within something larger or more comprehensive[.]" *Merriam-Webster's Collegiate Dictionary* 490 (11th ed. 2005). Yet here we are also holding that the subsumed offense is the greater offense. As noted by our Supreme Court in *Montoya*, 2013-NMSC-020, ¶ 56, "as a matter of policy, it would be unacceptable for us to hold that where a person's criminal conduct would have violated either of two statutes, a defendant can escape liability for the one carrying the greater punishment by committing the crime in such a manner as to also violate the statute carrying the lesser penalty."

22

{33} For the reasons set forth in this opinion, we remand to the district court with instructions to vacate Defendant's CSP II-felony convictions. We affirm the district court's judgment in all other respects.

{34} **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**STEPHEN G. FRENCH, Judge**