This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37771

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**THOMAS BARKER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Emilio J. Chavez, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
John Bennett, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals his convictions for possession of methamphetamine, pursuant to NMSA 1978, Section 30-31-23(E) (2011, amended 2019);[1] attempt to commit tampering with evidence, pursuant to NMSA 1978, Section 30-22-5 (2003); and driving with a suspended or revoked license, pursuant to NMSA 1978, Section 66-5-39.1 (2013). On appeal, Defendant claims that his trial counsel was ineffective for failing to timely communicate his acceptance of a plea offer, the district court erred in refusing

---

[1]All references to Section 30-31-23(E) in this opinion are to the 2011 version of the statute.

to find Defendant previously accepted the plea offer, and the district court abused its discretion in denying Defendant's request for a continuance. After consideration of Defendant's arguments, we affirm.

**BACKGROUND**

**{2}** Defendant was charged with possession of methamphetamine, pursuant to Section 30-31-23(E); tampering with evidence, pursuant to Section 30-22-5; resisting, evading, or obstructing an officer (service of process), pursuant to NMSA 1978, Section 30-22-1(A) (1981); use or possession of drug paraphernalia, pursuant to NMSA 1978, Section 30-31-25.1 (2001, amended 2019); and driving with a suspended or revoked license, pursuant to Section 66-5-39.1. At a pretrial hearing in July 2018, the parties indicated they were negotiating a plea deal. The district court made clear that it would "not accept any plea rather than straight up [guilty] past September 5th." The State offered Defendant a plea deal, one that had previously been offered to him in August 2018, but that he had rejected, and stated that the deadline to respond to the plea was September 6, 2018, at 5:00 p.m. The terms of this plea agreement are not before this Court.

**{3}** On September 6, 2018, the day of the State's deadline to respond to the plea, defense counsel spoke to Defendant at 4:00 p.m., and Defendant alerted defense counsel that he decided to accept a plea offer provided by the State. Defense counsel communicated this acceptance to the State at 4:58 p.m. or 4:59 p.m. Defense counsel was unaware that the deadline to respond to the plea had been moved to 3:00 p.m., and the State did not agree to the plea because the offer expired earlier that day. The next day, Defendant moved for a continuance explaining these negotiations and stated, "[D]efendant should not be punished because [defense counsel] was busy and didn't meet the 3[:00] p.m. deadline." Trial went forward as scheduled.

**{4}** On the morning trial was set to begin, defense counsel explained the circumstances of the plea negotiations. Defense counsel stated that he begged the State to reoffer the plea deal. The State responded unequivocally that it was not accepting a plea the morning of trial. Defendant requested new counsel based on defense counsel's failure to meet the deadline, and the district court denied the request. The jury was chosen that day, and trial was set to begin in two days.

**{5}** The morning trial began, Defendant supplemented the record regarding defense counsel's failure to accept the plea and ineffective assistance of counsel. The district court asked the State if it was willing to offer a plea to Defendant and it stated it was not. The parties went to trial, and Defendant was convicted of possession of methamphetamine, pursuant to Section 30-31-23(E); attempt to commit tampering with evidence, pursuant to Section 30-22-5; and driving with a suspended or revoked license, pursuant to Section 66-5-39.1.

**DISCUSSION**

## I.    Defendant Did Not Receive Ineffective Assistance of Counsel

**{6}**     "The Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, guarantees [the] defendants in criminal proceedings the right to effective assistance of counsel." *State v. Dyke*, 2020-NMCA-013, ¶ 30, 456 P.3d 1125 (omission, internal quotation marks, and citation omitted). This includes "[t]he right to effective assistance of counsel free from conflicts of interest[.]" *State v. Sosa*, 1997-NMSC-032, ¶ 20, 123 N.M. 564, 943 P.2d 1017, *abrogated on other grounds by State v. Porter*, 2020-NMSC-020, 476 P.3d 1201. "We review claims of ineffective assistance of counsel de novo." *State v. Pitner*, 2016-NMCA-102, ¶ 14, 385 P.3d 665 (internal quotation marks and citation omitted).

**{7}**     Normally, "[i]n order to establish a prima facie case of ineffective assistance of counsel on appeal, [the d]efendant must demonstrate that his counsel's performance fell below that of a reasonably competent attorney and that he was prejudiced by his counsel's deficient performance." *State v. Uribe-Vidal*, 2018-NMCA-008, ¶ 25, 409 P.3d 992 (internal quotation marks and citation omitted). With respect to claims of ineffectiveness of counsel resulting in a rejection of a plea agreement, this Court has applied the test set out by the United States Supreme Court in *Lafler v. Cooper*, 566 U.S. 156 (2012). *State v. Cordova*, 2014-NMCA-081, ¶ 12, 331 P.3d 980. In such circumstances, we explained that

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* (quoting *Lafler*, 566 U.S. at 164). On this record, Defendant has failed to meet his burden.

**{8}**     New Mexico Courts have expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal. *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494; *State v. Hunter*, 2006-NMSC-043, ¶ 30, 140 N.M. 406, 143 P.3d 168; *Cordova*, 2014-NMCA-081, ¶ 7. "This preference stems from a concern that the record before the [district] court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 31, 143 N.M. 373, 176 P.3d 1105 (internal quotation marks and citation omitted), *overruled on other grounds by State v. Consaul*, 2014-NMSC-030, 332 P.3d 850. "Therefore, this Court will only remand a case for an evidentiary hearing if the record on appeal supports a prima facie case of ineffective assistance of counsel." *Cordova*, 2014-NMCA-081, ¶ 7.

**{9}** The dearth of evidence on the record regarding the specifics of what trial counsel knew and when he knew it regarding the plea deadline, coupled with the lack of any indication of the terms of the plea agreement, perfectly exemplify the reasons underlying New Mexico's preference for such claims to be brought through habeas proceedings. What little evidence we have regarding counsel's failure to timely accept the plea agreement comes in the form of argument from defense counsel to the district court; however, it is well established that "argument of counsel is not evidence." *Id.* ¶ 14; *see id.* ¶ 15 (rejecting a defendant's ineffective assistance of counsel claim brought on direct appeal despite counsel's assertions of her own alleged ineffectiveness in the district court for a lack of proper factual development). Without evidence in the record surrounding Defendant's claim, we cannot say that but for counsel's performance, there is a reasonable probability that the outcome would have been different, much less "that the court would have accepted [the plea agreement's] terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* ¶ 12 (internal quotation marks and citation omitted). In other words, the lack of factual development precludes this Court from concluding that Defendant has established a prima facie showing of ineffectiveness or prejudice, and we decline to remand this case to the district court for an evidentiary hearing.

**{10}** To the extent that Defendant argues he communicated his desire to accept a plea agreement to his counsel "some weeks before the deadline," and thus the district court erred in refusing to find that Defendant previously accepted a plea, this argument is not adequately developed, and we decline to address it on appeal. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that we will "not review unclear or undeveloped arguments [that] require us to guess at what parties' arguments might be"). Finally, Defendant contends for the first time in his reply brief that his trial counsel's failure to file a suppression motion until testimony began constituted ineffective assistance of counsel. However, as counsel acknowledges, issues may not be raised for the first time in a reply brief and, accordingly, we will not address it. *See State v. Simmons*, 2018-NMCA-015, ¶ 23, 409 P.3d 1030 ("Because [the d]efendant's argument . . . was argued for the first time in his reply brief, we need not and do not address [it].").

## II. It Was Not an Abuse of Discretion for the District Court to Deny Defendant's Motion for a Continuance

**{11}** Defendant also argues that the district court abused its discretion in denying his motion for a continuance. However, as Defendant admits, the sole basis for the request for a continuance raised below was the rejection of the plea offer. Defendant argues that a continuance was also warranted because Defendant was allegedly unable to view several pieces of discovery. This ground was never raised as a reason for a continuance in the district court and is accordingly unpreserved on appeal. *See* Rule 12-321(A) NMRA ("To preserve a question for review, it must appear that a ruling or decision by the [district] court was fairly invoked."); *State v. Leon*, 2013-NMCA-011,

¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)).

**{12}** To get around this Court's preservation requirements, Defendant argues that a request for a continuance for this purpose would have been futile because the district court "several times made it clear that only a 'straight up' plea would stop a jury trial in this cause from beginning." However, the only authority cited to support this argument is a civil case in which this Court stated that a petition requesting reconsideration of a decision filed with an administrative body was sufficient to preserve the issue for appellate review and that requiring anything more would have rendered the party's actions futile. *Kerr-McGee Nuclear Corp. v. N.M. Env't Improvement Bd.*, 1981-NMCA-044, ¶ 42, 97 N.M. 88, 637 P.2d 38. The scenario considered in *Kerr-McGee* is markedly different than the instant case in which Defendant failed to inform the district court of this basis for a continuance, and any guess at how the district court may have ruled on it would be pure speculation. Accordingly, we conclude that this argument was not preserved, and we will not address it on appeal. *See Leon*, 2013-NMCA-011, ¶ 33.

**CONCLUSION**

**{13}** For the foregoing reasons, we affirm Defendant's convictions.

**{14} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**SHAMMARA H. HENDERSON, Judge**