This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39360**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TERRICK TURNER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Carrie Cochran, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** A jury convicted Defendant Terrick Turner of negligent arson, contrary to NMSA 1978, Section 30-17-5 (2006), and child abuse, contrary to NMSA 1978, Section 30-6-1(D) (2009). Defendant appeals, arguing (1) the district court abused its discretion by denying his motion for mistrial;[1] and (2) there is insufficient evidence to support his

---

[1]The State contends that Defendant is appealing the district court's ruling on his motion for a new trial, rather than the ruling on his motion for mistrial, because the "court never specifically ruled on the motion for a mistrial." However, after listening to argument from both parties regarding the motion for mistrial, the district court laid out reasons why it believed it would be okay to move forward with the trial and denied

convictions. We affirm. Because this nonprecedential memorandum opinion is issued solely for the benefit of the parties, we do not give a general background of the case.

## DISCUSSION

### I.      Denial of Motion for Mistrial

**{2}**      Defendant contends the district court abused its discretion by denying his motion for mistrial, despite erroneously admitting a certified judgment of his prior drug trafficking conviction into evidence.[2] Defendant asserts that the district court had already acknowledged that there were grounds for a mistrial because of the certified judgment, yet still denied the motion. It did so, according to Defendant, only because the district court believed "there was enough evidence there that if [the jury] convicted, I think that I wouldn't be reversed on it." Defendant believes it was improper for the district court to not have considered factors other than guilt, and that it is impossible to know how the certified judgment affected the verdict. The State counters that it was proper to deny Defendant's motion because admitting the certified judgment into evidence was harmless.

**{3}**      "We review a [district] court's denial of a motion for mistrial under an abuse of discretion standard." *State v. Samora*, 2013-NMSC-038, ¶ 22, 307 P.3d 328 (internal quotation marks and citation omitted). Where an evidentiary ruling is the basis for the district court's alleged error, we evaluate whether that nonconstitutional error is harmless. *See State v. Serna*, 2013-NMSC-033, ¶ 22, 305 P.3d 936. A nonconstitutional error is "harmless when there is no reasonable *probability* the error affected the verdict." *State v. Tollardo*, 2012-NMSC-008, ¶ 36, 275 P.3d 110. When assessing the probable effect of evidentiary error, "[we] should evaluate all of the circumstances surrounding the error." *Serna*, 2013-NMSC-033, ¶ 23 (internal quotation marks and citation omitted). "This requires an examination of the error itself, which . . . could include an examination of the source of the error and the emphasis placed upon the error." *Tollardo*, 2012-NMSC-008, ¶ 43. "Of course, evidence of a defendant's guilt separate from the error may often be relevant, even necessary, for a[n appellate] court to consider, since it will provide context for understanding how the error arose and what role it may have played in the trial proceedings." *Id.* We may also examine "the importance of the erroneously admitted evidence in the prosecution's case," and "whether the error was cumulative or instead introduced new facts." *Id.* (alterations, internal quotation marks, and citation omitted).

**{4}**      We note that Defendant's arguments on this point amount only to an assertion that it is impossible to know how the jury was influenced by the certified judgment, but

the motion when it stated, "I am going to let this play out today." Further, by allowing the jury to render a verdict, the district court effectively denied the motion. *See Mistrial, Black's Law Dictionary* (11th ed. 2019). Defendant clarified in his reply brief that he is not appealing the denial of his motion for new trial but rather the district court's denial of his motion for mistrial, which is the issue we address in this opinion.
2The certified judgment was admitted over a sustained objection because both parties misunderstood the district court's ruling. The State does not argue on appeal that the certified judgment was properly admitted.

we should assume it was harmful in that it could be used to improperly infer bad character. Defendant's contradictory argument fails to address the circumstances surrounding the admission of the certified judgment. It is Defendant's burden, however, to demonstrate that he was prejudiced by the district court's nonconstitutional error. *See State v. Astorga*, 2015-NMSC-007, ¶ 43, 343 P.3d 1245. While Defendant did not meet that burden here, we have determined it is important to address this issue.

**{5}** Because we conclude that the error was harmless, we may assume, without deciding, the district court abused its discretion, admitting evidence of Defendant's prior conviction. *See State v. White*, 1994-NMCA-084, ¶ 14, 118 N.M. 225, 880 P.2d 322; *Tollardo*, 2012-NMSC-008, ¶ 25 ("Improperly admitted evidence is not grounds for a new trial unless the error is determined to be harmful."). First, the certified judgment had little bearing on the type of crimes for which Defendant was on trial, as the prior conviction was related to a drug offense. Second, when the certified judgment was admitted, no party explained what it was, no witness was ever examined using it, and it was never brought up again in the jury's presence. Aside from being published to the jury, neither party placed any significant emphasis on the certified judgment. *See Serna*, 2013-NMSC-033, ¶ 25 (concluding evidence of prior convictions erroneously admitted was harmless when neither party placed significant emphasis on the evidence, even when discussing it during closing argument). Third, the certified judgment was cumulative to other evidence presented to the jury. Defendant's grandfather, a defense witness, twice testified about Defendant's prior conviction and prison sentence. Both instances were unprompted by the State during his cross-examination and not objected to by Defendant. *See id.* ¶ 31; *see also Tollardo*, 2012-NMSC-008, ¶ 43. Finally, as we conclude below, there was substantial evidence for the jury to convict Defendant absent the certified judgment. *Serna*, 2013-NMSC-033, ¶ 26 (concluding that independent evidence of guilt was substantial, "such that the jury likely did not rely on [the] prior convictions when reaching its verdict"). Given all of the circumstances, the certified judgment being admitted into evidence was harmless, and consequently not grounds for reversing the district court's denial of Defendant's motion for mistrial.

## II.      Sufficiency of the Evidence

**{6}** Defendant urges that there is insufficient evidence to support his convictions for negligent arson and child abuse. We disagree. Defendant limits his argument regarding his conviction for negligent arson to whether the State proved beyond a reasonable doubt he "recklessly started a fire." Defendant's argument regarding his conviction for child abuse is limited to whether he "showed a reckless disregard for the safety or health of a child."

**{7}** The standard for reviewing whether a verdict is supported by sufficient evidence is well established. *See State v. Montoya*, 2015-NMSC-010, ¶¶ 52-53, 345 P.3d 1056 (requiring appellate courts to review evidence in the light most favorable to the verdict to determine whether a reasonable jury "*could* have found beyond a reasonable doubt the essential facts required for a conviction" (internal quotation marks and citation omitted)). For purposes of reviewing sufficiency of the evidence, "jury instructions become the law

of the case." *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (alteration, internal quotation marks, and citation omitted).

**{8}** We start with Defendant's assertion regarding negligent arson. The jury was instructed that to find Defendant "recklessly started a fire," it must conclude "he knew that his conduct created a substantial and foreseeable risk, that he disregarded that risk and that he was wholly indifferent to the consequences of his conduct and to the welfare and safety of others."

**{9}** There was testimony at trial that Defendant had a problem "playing with matches outside burning bushes," that Defendant "had lit the house on fire again," and that Defendant had been "lighting pieces of the carpet on fire" and "playing with fire in [his] bedroom." Viewing that testimony in the light most favorable to the verdict, the jury could reasonably find that Defendant had a habit of lighting fires in and around his grandfather's house. And although Defendant told witnesses various versions of the origin of the fire, the jury could reasonably determine Defendant intentionally lit his mattress on fire inside the house based on testimony from the firefighter who attended him: The firefighter testified that Defendant told her he took his mattress into the hallway and set it on fire. *See State v. Simmons*, 2018-NMCA-015, ¶ 13, 409 P.3d 1030 (we defer to the fact-finder to resolve any conflict in the testimony of witnesses, and determine weight and credibility); *State v. Roybal*, 1992-NMCA-114, ¶ 9, 115 N.M. 27, 846 P.2d 333 (the testimony of a single witness is sufficient for a conviction). The jury could also reasonably infer that Defendant knew it was dangerous to light fires within his grandfather's house because the responding deputy testified that Defendant said he "knows how fire is," and Defendant had recently burned a different mattress outside, rather than inside the house, to exterminate bedbugs. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (noting that, in our review, we "indulg[e] all reasonable inferences and resolv[e] all conflicts in favor of the verdict"). Based on the foregoing, sufficient evidence was presented to convict Defendant of negligent arson.

**{10}** We now turn to Defendant's conviction for child abuse. To convict Defendant, the jury had to find that Defendant "showed a reckless disregard for the safety or health of a child," which meant he "caused or permitted a substantial and unjustifiable risk of serious harm to the safety or health[] of a child." The instruction went on to explain that "[a] substantial and unjustifiable risk is one that any law-abiding person would recognize under similar circumstances and that would cause any law-abiding person to behave differently than the defendant out of concern for the safety or health of a child." The jury could reasonably infer that Defendant knew a three-year-old child was asleep in the house the night of the fire, since he knew to get the child out of the house once the fire was out of control. Yet, based on the testimony laid out above, Defendant chose to set a mattress on fire inside the house. Any law-abiding person would have not done so knowing a child was sleeping there. Sufficient evidence was presented to convict Defendant of child abuse.

**{11}** Defendant points to evidence he argues shows that he was not wholly indifferent to the consequences of his conduct, the result of which he says was unforeseeable

because Defendant "was unaware that he could cause a fire that could get out of his control so quickly." Defendant points specifically to testimony that he was "extremely worried about getting the fire put out," ensuring everyone had safely escaped, and that he had never lit a fire "to this extent." Defendant's argument invites us to weigh that testimony against other testimony indicating he in fact knew how fire behaves. It is not our role to do so. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting we do not "weigh the evidence and may not substitute [our] judgment for that of the fact[-]finder so long as there is sufficient evidence to support the verdict"). Moreover, the jury instructions required the jury to consider whether Defendant acted despite creating a risk that was objectively foreseeable and substantial, rather than whether the risk was personally foreseeable and personally substantial. Given the jury could reasonably infer or otherwise find Defendant knew lighting a mattress on fire indoors was objectively dangerous, and yet did it anyway, despite also knowing a child was in the house, we conclude there was substantial evidence to support the jury's finding of Defendant's recklessness to support the negligent arson and child abuse convictions.

**CONCLUSION**

**{12}**   For the foregoing reasons, we affirm Defendant's convictions.

**{13}   IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**